## Bausman's and Herr's Appeal.

1. The general right of an assignor to except and reserve from an assignment for the benefit of creditors, property to the value of $300, is undoubted. He cannot do so, however, out of land to the injury of one holding a lien for the purchase-money, or a judgment-lien in which the exemption from execution is waived. His claim must be restricted to some property which he owned, or in which he had an interest at the time of the assignment, or at the furthest to the proceeds of that property sold. It cannot extend to money made by the assignee's care, management and use of the assigned property.

2. Assignees received rent for the use of a farm, after an assignment, not on a term existing at the time of the assignment, but on a letting afterwards. They also sold the land, but the sum realized therefrom was insufficient to pay the judgment-liens for purchase-money. There was a reservation of the $300 exemption in the assignment. The assignor claimed it out of the rents. *Held*, that the claim could not be allowed.

May 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Lancaster county:* Of May Term 1879, No. 6.

Appeal of Henry D. Bausman and Diller P. Herr, assignees, from the decree of the court, in the distribution of the assigned estate of Henry Lorah and wife.

Henry Lorah and wife, executed and delivered a deed of voluntary assignment for the benefit of creditors, on the 7th day of April 1876, to Henry D. Bausman and Diller P. Herr. The property assigned, consisted of various articles of personal property, appraised at $39, the rent of a farm appraised at $259, and the real estate appraised at $8,297.50, which was afterwards sold for $6620. Henry Lorah had bought this farm, subject to a mortgage of $5500, from John A. Hohman, to whom he gave a judgment for the purchase-money.

In the said deed of assignment to Henry D. Bausman and Diller P. Herr, Henry Lorah and wife expressly reserved and excepted the benefit of the Exemption Act of April 9th 1849. The assignees paid to Lorah the $300 reserved in his deed of assignment, and in the account they filed, claimed credit for such payment in full, as no specific articles had been claimed by or appraised to the assignor. To this item of credit, John A. Hohman filed exceptions. An auditor was appointed to pass upon the exceptions and make distribution, who in his report allowed a credit for said payment as much as the personal property amounted to, including the rent, less the proportionate share of the expenses, but surcharged said assignees with the balance of the $300, and disallowed any payment on said exemption from the money realized on the sale of the real estate.

Exceptions were filed to the auditor's report by the assignees,

because of this surcharge, and by John A. Hohman, because the auditor had allowed any credit for said payment. The exceptions being argued, the court, Patterson, J., surcharged the assignees with the whole amount of the $300 claimed in their account, less $39, the appraised value of the said several articles of personal property.

From this decree the assignees took this appeal.

*A. O. Newpher*, for appellants.—The auditor was clearly right in applying said rental to the payment of the exemption claimed by the assignor. The rental was personalty, had been appraised and its value fixed, and the assignees were charged with it in the inventory and were bound to account for it. It was thus assets in their hands to be applied to all the purposes of the assignment, and as it was not realty Hohman's judgment for purchase-money, was no lien upon, and he had no preference to it over any other claimant upon the estate. The claim of exemption under the Act of April 9th 1849, inserted in deeds of assignment, is a technical reservation: Milford *v.* Shirk, 2 Casey 473; Knight *v.* Waterman, 36 Id. 257. A reservation in a deed may include and provide for things not *in esse*, as rent, &c.: Whitaker *v.* Brown, 10 Wright 197. Even if it was not assets at time of the assignment, or appraisement, but accrued to the assignor or his assigned estate afterward, he can claim his exemption out of it: Peterman's Appeal, 26 P. F. Smith 116.

*Daniel G. Baker*, for appellee.—A debtor cannot acquire a right to the exemption by assigning his real estate for the benefit of his creditors, which he would not possess if it were sold on execution. His reservation in his deed of assignment does not give any new rights of exemption, or extend or enlarge those he had before, and imposes no duty on his assignees to allow him his exemption in cases and out of property in which the law gives the debtor no right to claim it, but expressly denies him that right. This rent could not pass by the assignment, because it did not then exist; it came into being after that time, and being a fruit and product of the real estate which was assigned, it was assets in the hands of the assignees, distributable among the general creditors, which was the disposition made of it by the court below.

Mr. Justice MERCUR delivered the opinion of the court, May 19th 1879.

The appellants are assignees in trust for the benefit of creditors. The property assigned was mostly land; the personalty being of the value of $39 only. The assignor excepted and reserved from the operation of the assignment, "such an amount of property, real and personal, as is by law exempt from levy and sale on execution, and

[Bausman's and Herr's Appeal.]

distress for rent by virtue of the Act of 9th April 1849." The appellants received rent for the use of the farm after the assignment, not on a term or lease existing at the time of the assignment, but on a letting afterwards. They also sold the land, but the sum realized therefrom was insufficient to pay the judgment-liens for purchase-money in favor of the appellee. As the assignor could not hold any portion of the land against such a lien, he could not claim any of the proceeds to its prejudice. The other question is whether, by virtue of the Exemption Law, he can claim the money received by the assignees as rent? We are clearly of the opinion he cannot. The general right of the assignor to except and reserve from the assignment property to the value of $300, is undoubted. He may not do so out of land to the injury of one holding a lien for the purchase-money, or a judgment-lien in which the exemption from execution is waived. His claim, however, must be restricted to some property which he owned, or in which he had an interest, at the time of the assignment, or, at the furthest, to the proceeds for which that property sold. It cannot extend to money made by the assignees' care, management and use of the assigned property. The whole intent and spirit of the act is to leave him something which he already has, and of which he might otherwise be deprived at that point of time. Whatever was unreservedly assigned passed to the assignees in trust for the benefit of all the creditors of the assignor, according to their legal and equitable rights. The income or product of the property, while in their hands, is held by them in like manner. It follows, the appellants were not justified in paying to the assignor, under his reservation in the assignment, the $250, which they received as rent. The learned judge was therefore correct in surcharging them with the sum they paid him in excess of $39.

Decree affirmed, and appeal dismissed at the costs of the appellants.