In re TORCHIA.

(Circuit Court of Appeals, Third Circuit. June 20, 1911.)

No. 49 (1,517).

1. BANKRUPTCY (§ 267*)—EXPENSES OF ADMINISTRATION—USE OF PROCEEDS OF PROPERTY SUBJECT TO LIENS—WAIVER OF OBJECTION.

Holders of liens on realty of a bankrupt, who, with knowledge of proceedings by the trustee for the sale of the same free from liens, permit such proceedings to continue without objection and the proceeds of the property to be used in the payment of expenses of administration, by necessary implication assent to the same and cannot afterward object to such proper expenditures.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380; Dec. Dig. § 267.*]

2. BANKRUPTCY (§ 205*)—RIGHTS OF LIENHOLDERS—RENTS COLLECTED AFTER BANKRUPTCY.

Under the law of Pennsylvania, rents collected by a trustee from property of a bankrupt which is subject to valid liens belongs to the lienholders and not to the general estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. § 205.*]

3. BANKRUPTCY (§ 205*)—RIGHTS OF LIENHOLDERS—DAMAGES FOR INJURY TO PROPERTY.

Judgment creditors of a bankrupt, whose judgments were liens upon real estate, are not entitled to a sum awarded as damages to such real estate resulting from a change of street grade, where their liens were obtained after such change, although the damages were not paid until after the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. § 205.*]

Petition for Review of Order of the District Court of the United States for the Western District of Pennsylvania.

In the matter of Frank Torchia, bankrupt. On petition by lienholders to revise an order of distribution. Reversed in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James T. Buchanan, John E. McCalmont, Thomas H. Hasson, and Lyon & Hunter, for petitioner.

Charles A. Woods and James L. Wehn, for respondent.

Before BUFFINGTON and LANNING, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge. The fund distributed by the District Court was too small to pay more than part of the judgment lien belonging to one of the petitioners, or to pay anything upon the four judgment liens immediately succeeding. These five lienholders assert that by reason of improper allowances and awards the fund that would otherwise have been available for their liens has been diverted, and they have therefore presented this petition to revise.

[1] The allowances complained of are for commissions to the trustee (the South Side Trust Company) and compensation to its counsel, for commissions to the referee, for compensation to the receiver and to its counsel, and for compensation to the counsel for the bankrupt. No objection is made to the amount of any of these charges—if, indeed, such objection could be made on this petition, a question that need not now be decided—but the single ground of attack is that *no* allowance on account of any of the foregoing items should have been made, because the fund is solely derived from real estate upon which the judgments of the petitioners were liens at the date of bankruptcy. The recent decision of this court in Re Vulcan Foundry Co., 180 Fed. 671, 103 C. C. A. 637, is referred to in support of this position. There is, however, an essential difference between the present situation and the situation that was there passed upon. Not only did the petitioners now before the court have ample notice that the referee was being asked for an order to sell the bankrupt's real estate discharged of liens, but they made no objection thereto; and, after the order had been made, they not only took no steps to have it reviewed by the District Court, but they permitted the trustee to go on for months in the gradual execution of the order and in the distribution from time to time of the proceeds. To use a phrase of the Vulcan Foundry Case, they consented by "necessary implication" to all that was done, and their belated objections cannot now be regarded with favor. The objection to the commissions of the trustee and of the referee, and to the compensation of counsel for the trustee, the receiver, and the bankrupt, and the objection also to certain expenditures for the necessary care and preservation of the real estate, must be overruled.

[2] But we are compelled to disagree with the District Court on the subject of the rents. In our opinion this question has been decided by the Supreme Court of Pennsylvania in Bausman's Appeal, 90 Pa. 178, and in Wolf's Appeal, 106 Pa. 545, and we are disposed to follow these rulings. It was there determined that, after insolvency has taken the debtor's real estate out of his hands, its income or product belongs to the lien creditors, who have thus become its virtual owners, and we can see no sufficient reason why the same rule should not apply to real estate in a court of bankruptcy. It has already been so applied in this circuit (Re Industrial Storage Co. [D. C.] 163 Fed.

390), and the case may perhaps be referred to although it was decided by the writer of this opinion.

[3] Another subject of controversy is the money, $6,300, that was paid by the city of Pittsburgh on account of the damage done to one of the bankrupt's houses by a change of grade in an abutting street. When the actual physical change of grade was begun, the bankrupt was still the owner and was still in possession. The petition in bankruptcy was not filed until several months afterwards, but although, by reason of delay in the settlement with the city, the money was paid into the hands of the trustee, the right to the damages was the bankrupt's right, and is to be so treated. It therefore passed to the trustee with the same restriction that qualified it in the bankrupt's own hands. He himself would not have been permitted to receive the money if the rights of his lien creditors would thereby have been injuriously affected. Woods Run Ave., 43 Pa. Super. Ct. 475. But the petitioners themselves had no lien at the time the damages accrued, and the difficulty about their position is that they must work out the equity they now assert through the rights of the creditors that did have liens at that time and might themselves have been able to assert a claim to these damages if they would have been injured by payment to the bankrupt. These creditors owned certain mortgages and mechanics' liens; but it appears clearly that they would have suffered no injury at all, even if the bankrupt himself had been paid the money, for the mortgagees had still an ample margin in the injured property and have since been paid in full out of the fund it produced; and the mechanics' lien creditors never had a claim on the damages, for their rights arose by reason of work done with full notice of the proposed change of grade, and upon the credit of the property in its injured condition. As neither the mortgagees nor the mechanics' lien creditors were in a position to establish any claim upon the damages, there seems to be no ground to apply the doctrine of marshaling assets in favor of these subsequent judgment creditors. And this we think is especially true, because, as already stated, the present petitioners had no lien upon the injured property until after the actual change of grade had been begun, and after the bankrupt's right to the damages had accrued.

We are satisfied with the ruling of the District Court on the subject referred to in the fifth assignment of error—attorneys' commissions stipulated for in certain securities—and do not find it necessary to discuss the sixth assignment on the subject of interest, because it is not referred to in the briefs of petitioners' counsel, and does not seem to be insisted upon.

In a word, we agree with the distribution made by the District Court, except the part that deals with the rents; but, as we disagree about that item, we are obliged to reverse the decree in order that a new distribution may be made in accordance with this opinion. It is therefore so ordered; but no costs in this court will be allowed to the petitioners.