## In re HASIE.

## In re WAGGONER.

(District Court, N. D. Texas, at Dallas. June 5, 1913.)

### No. 933.

1. BANKRUPTCY (§ 213*)—PROPERTY SUBJECT TO TRUST DEED—SUMMARY SALE UNDER POWER—VALIDITY.

Under the law of Texas a deed of trust is merely a mortgage, and a summary power given therein to the trustee to sell the property on notice is only a cumulative remedy, which does not exclude foreclosure by suit. Such power is also revocable, and is revoked either by the death of the grantor or a seizure of the property under process, in which case the deed can only be foreclosed by judicial decree, and a summary sale by the trustee is void. *Held*, that a sale by a trustee under such a power, after the bankruptcy of the grantor and while the property is in the possession of his trustee as a part of the estate, without the consent of the bankruptcy court, is void, and does not divest the title of the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 334–342; Dec. Dig. § 213.*]

2. BANKRUPTCY (§ 209*)—LIENS—REMEDIES FOR ENFORCEMENT.

The provision of Bankr. Act July 1, 1898, c. 541, § 67, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), that valid liens shall not be affected by the act, relates only to the obligation of the contract, and not to the contract remedies for its enforcement, which may be changed without impairing the contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 318; Dec. Dig. § 209.*]

In the matter of M. C. Hasie, Jr., bankrupt. On certificate of referee in the matter of the claim of D. E. Waggoner. Order affirmed.

Leake, Henry & Robertson, of Dallas, Tex., for claimant.
Chilton & Chilton, of Dallas, Tex., for trustee in bankruptcy.

MEEK, District Judge. The bankrupt, prior to the institution of this proceeding in bankruptcy, executed a deed of trust on certain land to secure an indebtedness to the Guaranty State Bank & Trust Company, by the terms of which the trustee named in the instrument, in case of default, was empowered summarily to sell the land by posting notices of the time and place of sale, and to apply the proceeds in satisfaction of the indebtedness. After the adjudication of the bankrupt the trustee in the deed of trust posted notices and sold the property. At the sale D. E. Waggoner, the claimant herein, became the purchaser. These steps were taken without the consent of the trustee in bankruptcy, and without the permission and approval

of the bankruptcy court, and without notice to the creditors and other parties in interest in the bankruptcy proceedings, who had the right to redeem, and while the trustee was in possession of the property and seeking to realize upon it for the benefit of the bankrupt's general creditors. Notwithstanding the sale by the trustee under the deed of trust. the trustee in bankruptcy has collected the rents accruing upon the land and claims the same as a part of the assets of the bankruptcy estate. After the sale by the trustee under the deed of trust, claimant made application to the referee to order the trustee in bankruptcy to turn over to claimant the rents which had accrued since the sale. This the referee, after full hearing, declined to do, and entered an order dismissing the application. Claimant thereupon applied for and obtained this certificate for review, and insists that the order of the referee should be set aside and the rents turned over to him.

[1] The right of claimant to these rents depends upon the validity of the sale of the property by the trustee under the deed of trust. Thus a most important question, and one directly and materially affecting procedure in bankruptcy cases and the respective rights of the trustee and lien claimants, is submitted in this certificate. It is as follows: May a trustee, acting under summary powers conferred by a deed of trust, sell real property while such property is in the lawful possession of the trustee of a bankruptcy estate; and will such a sale, if made outside of any court of competent jurisdiction and without the consent of the bankruptcy court, divest title out of the trustee in bankruptcy and place it in the purchaser?

There appears to be no controversy as to the right of the trustee to the rents which had accrued before the sale. The claim as made by the claimant is in effect that the proceedings under the deed of trust vested him with title to the property and divested the equity of redemption of the trustee and creditors in the bankruptcy proceeding. To this the trustee answers that the sale of the property, having been made without the authority of the bankruptcy court, and while it was in his possession as such trustee, and while he was proceeding to administer on it in the belief that there was a substantial equity over and above the incumbrance thereon, was void, and conferred no rights on the purchaser to the rents and profits.

There is no substantial controversy over the material facts, except as to whether the value of the property was in excess of the incumbrance thereon. This issue is unimportant, in view of the real question involved, since, if the sale under the power in the deed of trust operated to foreclose the bankrupt's equity of redemption, the right of claimant to the rents and profits accruing thereafter is indisputable. If the opposite is true, and the sale was void, then the trustee in bankruptcy would be entitled to the rents and profits until either the equity of redemption is barred by appropriate proceedings instituted for that purpose, or he relinquishes administration upon it for the reason that the equity of the bankrupt is of no value to the general estate.

It is well settled in Texas that such instruments as the deed of trust in question are mere mortgages with power to sell, and that the power

to sell is only a *remedy* for enforcing rights and obligations of the contract—a remedy that is cumulative and does not supersede another given by law. The creditor, therefore, may elect to proceed to enforce his lien under the power to sell or foreclosure by suit. Blackwell v. Barnett, 52 Tex. 326; Morrison v. Bean, 15 Tex. 269. The power to sell by a trustee is also revocable. It is revoked ipso facto by the death of the grantor, and is thereafter only enforceable in a judicial proceeding. And in this connection the well-established rule in Texas is that in case of the death of the grantor a sale by the trustee of property conveyed under a deed of trust pending administration on the estate of the grantor is absolutely void. Whitmire v. May, 96 Tex. 317, 72 S. W. 375; Williams v. Armistead, 41 Tex. Civ. App. 35, 90 S. W. 925. This is also true in those cases where the property mortgaged is seized by judicial process. Accordingly it has been held in Texas, following the doctrine laid down in the United States Supreme Court in Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322, that a sale by a trustee under a deed of trust of land in the possession of a receiver is void. Scott v. Crawford, 16 Tex. Civ. App. 477, 41 S. W. 697; Ellis v. Vernon Waterworks Company, 86 Tex. 109, 23 S. W. 858. It is also a well-settled rule in Texas that a mortgagee out of possession is not entitled to the rents or profits until the mortgage has been foreclosed. The mortgagor contracts to pay interest, not rents. The law in this respect is the same as the rule laid down in Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415. Therefore, when the trustee in bankruptcy is appointed, he succeeds to all the rights of the bankrupt mortgagor. He has the right to the rents and profits upon the property mortgaged until the mortgagee asserts his right of entry, and forecloses his lien, and bars the equity of redemption.

The power of sale under a deed of trust being a remedy, and subject to change, suspension, or revocation in event of a legal administration or seizure of the property incumbered by the deed of trust, it is not therefore an unalterable constituent of the contract. Where the power is revoked or suspended, a sale made thereafter by the trustee under a deed of trust acting under the power without the sanction of an order of court is void. Such sale would consequently confer no rights upon the purchaser, and it follows that a mortgagor or his legal representative would be entitled to rents and profits arising out of the mortgaged property until foreclosure proceedings or their equivalent had been instituted in some court having jurisdiction over the parties and the subject-matter. Such is the general status of the power of sale in a deed of trust under the system obtaining in Texas.

When a mortgagor is adjudicated a bankrupt, his trustee in bankruptcy takes the mortgaged property in the same plight it was held by the bankrupt. It is subject to the valid liens thereon, but the mortgagee under and by virtue of the bankruptcy enjoys no different or greater rights. It is apparent that, if the trustee in bankruptcy is required to pay the rents accruing before the mortgagee has foreclosed his lien to the latter, to that extent the mortgagee would enjoy a more favorable position and higher rights in the property mortgaged than

if bankruptcy proceedings had not been instituted. This is not in consonance with the well-settled policy of Bankr. Act 1898, § 67. Under the present bankruptcy law there is no principle more uniformly recognized and rigidly enforced by the courts than that valid liens, untainted by fraud, shall not be disturbed by the institution of bankruptcy proceedings. But this has reference entirely to the validity and obligation of the contract, and not to the remedies for enforcing the lienholder's rights. These can be changed without impairing the obligation of the contract. In re Williams' Estate, 19 Am. Bankr. Rep. 389, 156 Fed. 934, 84 C. C. A. 434; In re Utt, 5 Am. Bankr. Rep. 383, 105 Fed. 754, 45 C. C. A. 32; Matter of Huggins, 24 Am. Bankr. Rep. 715, 179 Fed. 490, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737. In Texas we have seen the remedy by sale provided for in a deed of trust, in event of the grantor's death or seizure of the property, ipso facto et eo instanti changes, yet the obligation remains. It is simply enforced in another way.

Upon the filing of a petition in bankruptcy, all the property of the bankrupt upon which there is a mortgage or other lien passes to the trustee in bankruptcy, and is consequently in the custody of the court of bankruptcy and subject to administration for the benefit of general creditors. In re Rochford, 10 Am. Bankr. Rep. 608, 124 Fed. 182, 59 C. C. A. 388; In re Kellog, 10 Am. Bankr. Rep. 7, 121 Fed. 333, 57 C. C. A. 547; Chauncey v. Dyke Bros., 9 Am. Bankr. Rep. 444, 119 Fed. 1, 55 C. C. A. 579; Sanford v. Lackland, Fed. Cas. No. 12,312; Spindle v. Shreve, 111 U. S. 542, 4 Sup. Ct. 522, 28 L. Ed. 512. But it does not follow that the bankruptcy court or the trustee will administer upon the property, if its value is insufficient to pay off the valid liens. The trustee may elect to refuse to take possession of property incumbered by liens to such an extent that there is not sufficient equity to justify administration thereon; and this, not because of any want of power or jurisdiction in the court, but because it would be an abuse of official discretion on the part of the court and its officers to administer upon the property so situated. Until the trustee makes his election, all the property of the bankrupt is in the custody of the court by operation of law. Where the value of property is insufficient to pay off incumbrances, the practice is to declare it burdensome, or, in the alternative, to hold it subject to such application as the mortgagee may make to the court for the satisfaction of his lien. Where there is a substantial equity in the property, a trustee may sell it free from or subject to the incumbrance thereon, transferring the lien to proceeds, and pass as good title to the purchaser as the bankrupt had.

On the other hand, the mortgagee, where there will be no substantial equity after paying off his mortgage, may apply to the bankruptcy court for a sale of the mortgaged property, and have the validity of his debt established by the bankruptcy court, and the proceeds of the sale credited on his debt. Where there is a residue of his debt still remaining, he may prove it against the general estate, and obtain all the relief which the plastic processes of a court of equity afford, when its jurisdiction is properly invoked. This is done in

bankruptcy under the authority of general order 28 of the Supreme Court of the United States (18 Sup. Ct. viii) upon a simple notice to all parties who have under the law the right to redeem. The remedy thus provided is expeditious and economical. It is revealed to be far more economical than a sale under the deed of trust, as the expenses of such sale are disclosed by this record. Under general order No. 28 in bankruptcy of the Supreme Court of the United States, it is clear that not only the bankrupt, but the trustee, or any creditor who has proven his claim, may, whenever it is for the benefit of the estate, redeem any mortgage or lien upon the bankrupt's property. Therefore it would seem that, after the adjudication of the mortgagor, it is necessary to cut off the right of the bankrupt, the trustee, and the creditors to redeem in order to perfect the mortgagee's title. Of this the mortgagee should not be heard to complain, since the field of redemption is broadened, and the opportunity to have his lien satisfied is enlarged. Under ordinary foreclosure proceedings outside the bankruptcy court, the power to redeem would be restricted to the mortgagor or some junior lienholder. The mortgagee may also apply to the bankruptcy court for authority to institute a foreclosure proceeding in any court having competent jurisdiction over the subject-matter and parties and may make the trustee a party thereto.

These are some of the remedies which may be invoked by mortgagees when their security is placed, as it is in bankruptcy, in custodia legis. They are complete and effective, and far more reliable and quite as economical as any that are provided for by contract. The fact that the bankruptcy act seeks to preserve unimpaired contractual liens made in good faith is no warrant for the claim that the bankruptcy court also should be obliged to adopt or enforce the remedies the parties have agreed upon to enforce these liens.

There are strong, and in my view controlling, reasons why the bankruptcy court should not be so obliged. Among others are these: The remedy agreed upon may seriously obstruct and impede administration. It might afford a method of operating for dishonest bankrupts, who wish to put valuable property beyond the reach of creditors. It would permit the withdrawal of property from administration before opportunity is offered for full and fair investigation, and cloud the title before a sale can be effected by a trustee in bankruptcy. These observations are general in their nature, and it is but fair to say that, where there is a suggestion of possible acts involving moral obliquity, they do not apply to the instant case.

[2] In my opinion the provisions of the act with reference to the preservation of valid liens relate only to the obligation of the contract, and not to the remedy provided therein, which is cumulative, and is susceptible to change without impairing contractual rights of the lienholder. In the Case of the Jersey Island Packing Company, 14 Am. Bankr. Rep. 689, 138 Fed. 625, 71 C. C. A. 75, 2 L. R. A. (N. S.) 560, where this question was under consideration, the Circuit Court of Appeals, speaking through Gilbert, Circuit Judge, makes the following pertinent observations:

"It is true that the Bankruptcy Act provides that liens such as the lienholder had under the trust deeds in this case shall not be affected by bank-

·ruptcy; but that is far from saying that such lienholders may, after the commencement of the proceedings in bankruptcy against the debtor, proceed to enforce their liens or contracts in the manner prescribed in the instruments which create them. And this is true, whether such lien is an ordinary mortgage, or a deed of trust with provision for a strict foreclosure by ·a notice and sale. The provision of the Bankruptcy Act that such a lien shall not be affected by the bankruptcy proceedings has reference only to the validity of the lienholder's contract. It does not have reference to his remedy to enforce his right. The remedy may be altered without impairing the obligation of his contract, so long as an equally efficient and adequate remedy is substituted. Every one who takes a mortgage, or deed of trust intended as a mortgage, takes it subject to the contingency that proceedings in bankruptcy against his mortgagor may deprive him of the specific remedy which is provided for in his contract."

Following the construction placed upon deeds of trust by the highest court of this state, I am constrained to hold that the sale of the land by the trustee under the deed of trust while it was· in the custody of the bankruptcy court was void, and, being void, the right of the trustee to the rents and profits has not thereby been divested.

The order of the referee will be affirmed, with costs of this certificate against claimant.