### BINDSEIL v. LIBERTY TRUST CO.

#### In re DOONER & SMITH CO.

(Circuit Court of Appeals, Third Circuit. February 8, 1917.)

#### No. 2312.

BANKRUPTCY ☞355—RENT—RIGHT OF MORTGAGEE.

Rents collected by the trustee from premises mortgaged by the bankrupt, between adjudication and sale under foreclosure proceedings, go to the mortgagee under claim of deficiency, instead of the general creditors of the bankrupt represented by the trustee, for Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, deprives the mortgagee of his right to reach such rents by legal process, and it is equitable that in case of deficiency he should be protected, notwithstanding a mortgage does not entitle the mortgagee to collect the rents.

On Petition to Revise from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

In the matter of the bankruptcy of the Dooner & Smith Company. Petition of the Liberty Trust Company to require Nicholas W. Bindseil, trustee in bankruptcy, to apply in liquidation of its mortgage rents collected between adjudication and sale of the mortgaged property under foreclosure proceedings, was denied by the referee, and on proceedings to review, the referee's order was reversed, and the trustee was directed to make payment to the petitioner (243 Fed. 984), and the trustee petitions to revise. Order affirmed.

Bilder & Bilder, of Newark, N. J., for petitioner.

Archibald F. Slingerland, of Newark, N. J., for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is a dispute between a mortgagee and general creditors. It involves the question: Do rents collected from mortgaged premises of a bankrupt between adjudication of bankruptcy and sale under foreclosure proceedings, belong to the mortgagee (under a claim of deficiency) or to the general creditors of the bankrupt?

The referee found for the general creditors; the District Court, on review, reversed the referee and found for the mortgagee. Its order is before us on petition to revise.

While courts in various jurisdictions regard this question differently, two courts in this circuit have decided it in favor of the mortgagee in two cases arising in Pennsylvania. The court below, feeling bound by these decisions, made a similar ruling in this case arising in New Jersey. The point has not been decided in Delaware. The question, now before us on appeal, calls for a review of the principle of three decisions rendered in this circuit.

The cases which hold against the allowance to the mortgagee of rents arising out of mortgaged property·after bankruptcy, are based upon the general rule of law, that a mortgage, though in form a conveyance of land, is merely a high security for the payment of a debt or the performance of some other condition, Fox v. Wharton, 5 Del. Ch. 200, 225; Ellison v. Dolbey, 3 Penn. (Del.) 45, 52, 49 Atl. 178; Rickert v. Madeira, 1 Rawle (Pa.) 325; Lenning's Estate, 52 Pa. 135; Wade v. Miller, 32 N. J. Law, 296; Colton v. Depew, 59 N. J. Eq. 126, 44 Atl. 662; and that, as between mortgagor and mortgagee, the mortgagor retains the title and has the right to all rents, issues and profits of the mortgaged premises, so long as he is in possession. In connection with this rule, consideration is given the provision of the Bankruptcy Act, by which the trustee in bankruptcy acquires the mortgagor's possession of the mortgaged premises and succeeds to his title and rights. These cases hold in effect that until the mortgagee has reduced the mortgaged premises to his possession, or has attached or sequestered the rents (which, generally speaking, cannot be done after bankruptcy), the possession of the trustee is that of the bankrupt mortgagor, and rents from the mortgaged premises, which, but for bankruptcy, would belong to the mortgagor, after bankruptcy belong to the trustee by virtue of his title and possession, and are therefore applicable·to debts due general creditors. In re Foster, Fed. Cas. No. 4963; Foster v. Rhodes, Fed. Cas. No. 4981; In re Dole (D. C.) 110 Fed. 926, 7 Am. Bankr. Rep. 21; In re Bannar (D. C.) 149 Fed. 936, 18 Am. Bankr. Rep. 61; Matter of Cass, 6 Am. Bankr. Rep. 721; Remington, section 993; Brandenburg (4th Ed.) section 846.

In these decisions the fact of bankruptcy is noticed, but its effect on the relative rights of creditors is disregarded. Creditors' rights are such as are conferred by the debtor's obligations; their remedies are such as are conferred by law. A mortgagee acquires his right to the payment of the debt and to its security from the mortgage instrument;

but the law confers upon him remedies for its enforcement. Before bankruptcy, various remedies are afforded the mortgagee to reach rents arising from the mortgaged premises; in Pennsylvania, by obtaining possession of the premises, and by attachment execution on any judgment recovered against the mortgagor otherwise than by scire facias and ejectment; in New Jersey, by appointment of a receiver upon foreclosure proceedings on a showing that the mortgaged premises are not sufficient to pay the mortgage debt; in Delaware, by attachment execution on any judgment recovered against the mortgagor except by scire facias. But bankruptcy changes the whole situation, takes from the mortgagor his land and its income, and takes from the mortgagee the legal remedies which, but for bankruptcy, he might pursue in reaching rents arising from the mortgaged premises, and gives him in lieu thereof, only such remedies as may be found in a court of bankruptcy in the equitable administration of the bankrupt's assets.

When rents from mortgaged premises become bankrupt assets and can no longer be reached by legal process, what constitutes an equitable administration of a law that takes away such process? When bankruptcy cuts off a creditor's legal remedies, under the exigencies of the debtor's insolvency, it does not destroy his legal rights in the debt or in its security. Under the scheme of bankruptcy these are preserved to him; but they are enforced in a new way, made necessary by the bankrupt's financial collapse. In enforcing creditors' rights in the new way, it appears to us that equity should protect them in the same measure and preserve to them the same advantages, so far as practicable, that the law gave them before bankruptcy stepped in and interfered with them, having regard to their nature, their superiority, their priority. These are elemental considerations in the equitable application of assets to debts, which incline us to the view entertained by courts in this circuit, In re Industrial Cold Storage & Ice Co. (D. C.) 163 Fed. 390, and In re Torchia, 188 Fed. 207, 110 C. C. A. 248, which is, in effect, that for many purposes the relative rights of creditors are to be regarded as fixed when bankruptcy takes place; that after insolvency has taken the debtor's property out of his hands, its income or product belongs to the lien creditor, who has thus become its virtual owner; and that such income or product issuing from mortgaged property, should not be diverted from the mortgage creditor who has a lien to general creditors who have no lien.

This view is not based upon the notion that the mortgage confers a lien on rents, for, of course, it does not; but it is based upon what is conceived to be an equitable adjustment of rights, of which some are obviously superior to others. Such an application of income from encumbered property appears to be not only an equitable but a very practical way of administering bankrupt assets. It is pursued in principle by at least one court in the administration of property assigned for the benefit of creditors. In Bausman's Appeal, 90 Pa. 178, and in Wolf's Appeal, 106 Pa. 545, followed in In re Industrial Cold Storage & Ice Co. and In re Torchia, supra, where encumbered property was assigned for the benefit of creditors and rents were received by the assignee, the Supreme Court of Pennsylvania held, in substance, that, as between

lien creditors and general creditors, the income or product of lands should be applied to those claims which would be entitled to the proceeds of the lands, if sold, and should not be diverted to general creditors, who had no liens upon the lands and who would not be entitled to their proceeds until after lien creditors had been satisfied.

As we are dealing in this case with the equitable administration of bankrupt assets, where creditors' legal rights are preserved but where their legal remedies are lost and equitable remedies are substituted, equity requires that the new remedies be as effective as the old in protecting and enforcing such rights. We are of opinion, therefore, that rents, which have been collected by the trustee from the bankrupt's encumbered property, are applicable to the discharge of the debt for which the encumbrance was given as against debts due general creditors, if claim thereto be seasonably asserted.

The other objections to the order are not substantial and do not require discussion.

The order is approved.