In re DOONER & SMITH.

(District Court, D. New Jersey. August 10, 1917.)

1. MORTGAGES ⊂⊃199(1)—RENTS—RIGHT TO.
    Ordinarily, as between mortgagor and mortgagee, the mortgagor is entitled to the rents, issues, and profits of mortgaged premises so long as he is in possession, and until the mortgagee, by showing that the mortgage security is insufficient to pay his indebtedness, takes actual possession.

2. BANKRUPTCY ⊂⊃205—TRUSTEES—RENTS.
    Where a trustee in bankruptcy takes possession of real estate incumbered by several mortgages, and retains possession and collects rent between adjudication and foreclosure of the prior mortgages, and the proceeds from foreclosure sale are insufficient to discharge the last mortgage, such mortgagee can require application of the rents in liquidation of his mortgage, though the trustee represents the mortgagor, and under Bankr. Act July 1, 1898, c. 541, §§ 47a–60 (a), (b), 67a, 70, 30 Stat. 557, 564, 565 (Comp. St. 1916, §§ 9631, 9651, 9654), has in some particulars more extensive rights than the mortgagor for his possession is not that of the mortgagor, the change in possession being the result of operation of law, and hence such rents cannot be claimed on the theory that they were collected by the trustee as the mortgagor's representative.

In Bankruptcy. In the matter of the bankruptcy of Dooner & Smith. Petition by the Liberty Trust Company to require Nicholas Bindseil, trustee in bankruptcy, to apply, in liquidation of its mortgage, rents collected between adjudication and sale of the mortgaged property under foreclosure proceedings was denied. On proceedings to review order of referee. Order reversed, and trustee directed to make payment to petitioner.

Bilder & Bilder, of Newark, N. J., for trustee.
Archibald F. Slingerland, of Newark, N. J., for petitioner.

DAVIS, District Judge. The Liberty Trust Company, petitioner herein, on December, 19, 1914, when the Dooner & Smith Company was adjudicated a bankrupt, held a third mortgage against certain real estate belonging to the bankrupt. Nicholas Bindseil, trustee in bank-

ruptcy, collected the rents from the mortgaged premises from the adjudication until the sale of the same under foreclosure proceedings of the said mortgage on March 4, 1916. The sale was made subject to the first and second mortgages. Not sufficient money was realized from the sale to pay the third mortgage indebtedness. A deficiency of $5,827.02, with interest thereon from December 18, 1915, remained. The Trust Company filed its petition before the referee, praying that the trustee in bankruptcy be directed to pay the rent collected by him from the said premises as aforesaid to the Trust Company, in liquidation of the said indebtedness. The referee, upon argument of the rule to show cause, made an order dismissing the petition. That order is before this court for review.

[1] There is no evidence before me to show that the petitioner took any steps to have a receiver appointed or the rents sequestered during the bankruptcy proceedings and the foreclosure of its mortgage. That it did not take any I understand to be admitted. The first steps toward having the rents sequestered was the filing of the petition with the referee for said purpose. The petitioner contends, in substance, that it has a lien upon the said rents by virtue of its mortgage, which is prior to the claims of general creditors. This is denied by the trustee, who claims that his status, so far as the mortgaged premises are concerned, is that of the mortgagor, and that he should receive the rents for the benefit of the general creditors. The general rule, without exception, is that, as between mortgagor and mortgagee, the mortgagor has the right to the rents, issues, and profits of the mortgaged premises so long as he is in possession, even though the rents be expressly pledged for the payment of the mortgage; or, as stated in some cases, until the mortgagee, upon showing that the mortgage security is insufficient to pay his indebtedness, takes actual possession or possession is taken in his behalf. Gilman v. Illinois & Mississippi Telegraph Co., 91 U. S. 603, 23 L. Ed. 405; Hitz v. Jenks, 123 U. S. 306, 8 Sup. Ct. 143, 31 L. Ed. 156; Kountze v. Omaha Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609; Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415; Sage v. Memphis & Little Rock R. R. Co., 125 U. S. 378, 8 Sup. Ct. 887, 31 L. Ed. 694; Freedman's Sav. Co. v. Shepherd, 127 U. S. 494, 8 Sup. Ct. 1250, 32 L. Ed. 163; Wiswall v. Sampson, 55 U. S. (14 How.) 52, 14 L. Ed. 322; United States Trust Co. v. Wabash Ry. Co., 150 U. S. 287, 14 Sup. Ct. 86, 37 L. Ed. 1085; Willis v. Eastern Trust & Banking Co., 169 U. S. 295, 18 Sup. Ct. 347, 42 L. Ed. 752; In re Hasie (D. C.) 206 Fed. 789. The reason for this rule has been variously stated: Possession of the mortgaged premises, either by the mortgagor or mortgagee, draws to it the right to receive the rents; ownership of the equity of redemption entitles the owner to rents and profits; the agreement was to pay interest, not rent. Gorden v. Lewis, Fed. Cas. No. 5,613; Kountze v. Omaha Hotel Co., 107 U. S. 393, 2 Sup. Ct. 911, 27 L. Ed. 609.

Vice Chancellor Van Fleet in Leeds v. Gifford, 41 N. J. Eq. 464, 5 Atl. 795, said:

"It (rent) was as absolutely free from all lien or other claim on the part of the complainant (mortgagee) as it would have been if the mortgagor had de-

rived it from some other source than the mortgaged premises. As between the complainant and the mortgagor, the money was the property of the mortgagor as completely and as unconditionally as it would have been if the relation of mortgagor and mortgagee had not existed between them."

The mortgagor, being in possession and entitled to the rents, may appropriate them "to his own use."

[2] When, however, the property of a mortgagor is taken out of his hands by insolvency or bankruptcy proceedings, and he can no longer appropriate the rents "to his own use," neither the mortgagor nor mortgagee being in actual possession, we have a new situation and a new problem. To whom do the rents of mortgaged premises, collected by the assignee in insolvency proceedings or the trustee in bankruptcy, and not distributed at the time the mortgagee seeks to have them applied in payment of the deficiency of his mortgage upon foreclosure, belong? The answer to this question depends upon the nature of the interest of the mortgagee in the mortgaged premises in such circumstances. It is claimed on the one side that the trustee, representing the creditors, stands in exactly the position of the mortgagor in relation to these rents, and therefore they belong to the general creditors; it is claimed, on the other, that when insolvency or bankruptcy takes the mortgagor's property out of his hands, and the mortgaged premises are insufficient to pay the mortgage indebtedness, the mortgagee is substantially the owner of the mortgaged premises. The nomenclature used by courts in defining the mortgagee's interest in such cases is not uniform. "Substantial owner," "virtual owner," "equitable owner" of the land are terms applied to his interest therein. I have been able to find but few opinions on the precise point involved in this case and they are not in accord. The following cases hold, in substance, that the assignee or trustee, having the status of the mortgagor, represents the general creditors, and therefore the rents belong to him: In re Foster, Fed. Cas. No. 4,963, affirmed in Foster v. Rhodes, Fed. Cas. No. 4,981; In re Hasie (D. C.) 206 Fed. 789, 30 Am. Bankr. Rep. 83. Over against these cases stand Hutchinson, Assignee, v. Straub et al., 16 Ohio Cir. Ct. R. 452; In re Industrial Cold Storage & Ice Co. (D. C.) 163 Fed. 390, 20 Am. Bankr. R. 904; In re Torchia, 188 Fed. 207, 110 C. C. A. 248; Id. (D. C.) 185 Fed. 576, 26 Am. Bankr. R. 188. In the case of Hutchinson, Assignee, v. Straub, the owner of the real estate executed a mortgage thereon June 12, 1893, to the St. Bernard Loan & Building Association Company to secure a loan of $3,500. On January 18, 1896, she made an assignment to Mr. Hutchinson of all her property, including the mortgaged premises in question, for the benefit of her creditors. The real estate was sold under order of the court, but did not sell for enough to pay the mortgage and interest which had accrued thereon. Between the assignment and the sale, the assignee collected $335.50 in rents. The common pleas court directed that the assignee apply the rents collected as aforesaid, or a sufficient amount thereof, to pay in full the mortgage indebtedness. The assignee excepted to this part of the order. The circuit court said:

"In some cases rent not due is considered as real estate, as, for instance, between an executor or administrator and an heir. And in a case of this kind, as it issues out of the land mortgaged to the building association, we think that it partakes of the nature of the land itself, that the assignee would hold it as the trustee of the mortgagee rather than for the general creditors, who had no lien on the land itself or of the proceeds thereof."

The court said in the case of Wiswall v. Sampson, 55 U. S. (14 How.) 52, 64, 14 L. Ed. 322:

"The effect of the appointment (of a receiver) is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may ultimately appear to be entitled to it; and when the party entitled to the estate has been ascertained, the receiver will be considered his receiver."

In the case of In re Torchia, 185 Fed. 576, the District Court, referring to the decision in Re Industrial Cold Storage & Ice Co., supra, said:

"It seems to me that the only theory upon which such decision can rest is that the mortgagee is either in possession through his trustee, to wit, the assignee, under the deed of voluntary assignment, or entitled to such possession by the voluntary act of the assignor. Under the Bankruptcy Act of 1898, § 70 (Act of July 1, 1898, c. 541, 30 Stat. 565 (U. S. Compiled Statutes 1901, p. 3451), the trustee is vested with the title of the bankrupt mortgagor by act of law and not by the act of the bankrupt. The mortgagee is no nearer to the possession of the mortgaged premises after the election of a trustee than he was before. He could not have higher rights against the trustee than he had against the bankrupt."

The trustee, by section 70 of the act, is "vested by operation of law with the title of the bankrupt," but this does not mean that his status is exactly that of the mortgagor for all purposes. In some particulars his rights are greater than those of the mortgagor. Bankruptcy Act 1898, §§ 47 (a) (2); 60 (a) (b); 67 (a); 70. The Circuit Court of Appeals, in reviewing the case In re Torchia, supra, said:

"It was there (Wolf's Appeal [106 Pa. 545]) determined that, after insolvency has taken the debtor's real estate out of his hands, its income or product belongs to the lien creditors, who have thus become its virtual owners, and we can see no sufficient reason why the same rule should not apply to real estate in a court of bankruptcy. It has already been so applied in this circuit. In re Industrial Cold Storage & Ice Co. (D. C.) 163 Fed. 390." 188 Fed. 207, 110 C. C. A. 248.

In the case of In re Industrial Cold Storage Co., supra:

"No proceedings were taken by the mortgagee to sequester the rents as by obtaining the appointment of a receiver before bankruptcy or by a direct application to the bankruptcy court."

It was there, however, decided that the mortgagee was the virtual owner of the land and entitled to the rents. This case was approved by the Circuit Court of the Third Circuit. In re Torchia, 188 Fed. 207, 110 C. C. A. 248; Id. (D. C.) 185 Fed. 576, 26 Am. Bankr. R. 188. The facts of this case were practically identical with those in the case at bar. In Pennsylvania a mortgage, though in form a conveyance of title, is in reality, both at law and in equity, only security for the payment of money or the performance of other collateral contract, passing no estate in the land which may be taken in execution for the mortga-

gee's debt. Rickert v. Madeira, 1 Rawle (Pa.) 325; Bower v. Oyster, 3 Pen. & W. (Pa.) 239; Asay v. Hoover, 5 Pa. 21, 45 Am. Dec. 713; Lennig's Estate, 52 Pa. 135. In New Jersey the same theory of the nature of a mortgage prevails. Wade v. Miller, 32 N. J. Law, 296; Shields v. Lozear, 34 N. J. Law, 496, 3 Am. St. Rep. 256; Kircher v. Schalk, 39 N. J. Law, 335; Colton v. Depew, 59 N. J. Eq. 126, 44 Atl. 662. The precise point at issue in the case at bar has never arisen, to my knowledge, in New Jersey. I, therefore, feel constrained to follow the opinion of the District Court in the case of In re Industrial Cold Storage & Ice Co., and of the Circuit Court in the case of In re Torchia, supra. The order of the referee will therefore be reversed, and an order made directing the trustee to apply the interest to the payment of the mortgage of the petitioner.