FREDERICK C. HENN

*v.*

HARRY G. HENDRICKS, receiver of Clifford J. Heath, Incorporated.

[Decided February 4th, 1929.]

*Messrs. Perkins & Drewen,* for the appellant.

*Mr. Samuel Kaufman* and *Mr. Herbert L. Elins,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

In August, 1927, one Heath, a stockholder of Clifford J. Heath, Incorporated, filed a bill of complaint setting forth

that the corporation could not continue its business with safety to the public and its creditors and advantage to the stockholders, and asked for the appointment of a receiver to take possession of the property of the company as a preliminary to the winding up of the corporation. Henn, the present appellant, was made a party to this litigation, but the bill was afterwards dismissed as to him upon his own application. The hearing on the bill resulted in the appointment of Hendricks, the present respondent, as receiver, and among the duties imposed upon him was the taking possession of real estate owned by the corporation, consisting of stores, apartment houses, garages and the like, and the collection of the rents thereof from the various tenants occupying the same. This he did, and some months later Henn filed a petition in the suit alleging that certain of the properties, possession of which had been taken by the receiver, had been conveyed to him by the corporation prior to the institution of the suit, that the receiver's collection of the rents and appropriating them to the uses of the corporation was in violation of his (Henn's) rights, and asking the court to direct the receiver to pay over to him the rents so collected. Vice-Chancellor Church, who heard the matter, refused to make that order and Henn now seeks to review the validity of such refusal.

The principal question before us is whether Henn was entitled to the rents collected by the receiver from these properties, the legal title to which stood in his name. According to his own testimony, although the conveyances made to him by the corporation were absolute on their face, they were, in fact, given to him as security for moneys loaned by him to it and the lands embraced therein were to be reconveyed to the corporation upon the payment of the debts for the securing of which the conveyances were made.

We concur in the view of the vice-chancellor upon which his conclusion was based, that these deeds, although absolute on their face, were in legal effect mortgages, and that the right of Henn thereunder is that of a mortgagee. That is the principle upon which the decision in *Hastings* v. *Fithian,*

*71 N. J. Law 311,* was rested; and the conclusion of the court in that case is supported by the earlier decisions referred to in that opinion.

The only other question to be determined is whether Henn, as mortgagee, was entitled to an order directing the receiver to turn over to him the rents above referred to. Assuming that as mortgagee Henn had a right to take possession of the land, he did not see fit to exercise that right. The conveyances to him were made in December, 1926, and January, 1927. The bill for the appointment of a receiver was filed in August of the latter year. During this period Henn asserted no right of possession in the property nor a right to collect the rents. On the contrary, he allowed the property to remain in the possession of the corporation, and the rents to be collected by the latter's agent and held by such agent for the corporation's benefit. Where the mortgagee permits the mortgagor to remain in possession and collect the rent, the mortgagor, unless there is an agreement between the parties to the contrary, has a right to appropriate the rents collected by him to the payment of debts due to creditors other than the mortgagee. *Leeds* v. *Gifford, 41 N. J. Eq. 464.* In the present case that right existing in the corporation, passed to the receiver under his appointment, and he was entitled to exercise it until the legality of his possession of the premises were challenged by the appellant. This, however, was never done so far as the state of the case shows; the appellant's claim apparently being based upon the theory that the receiver, although lawfully in the possession of the premises, was, by implication of law, acting as the appellant's agent in collecting the rents thereof.

For the reasons indicated, the order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.