ASSOCIATED CO. v. GREENHUT.

NATIONAL COMMERCIAL TITLE & MORTGAGE GUARANTY CO. v. SAME.

In re WEISS.

No. 5107.

Circuit Court of Appeals, Third Circuit.

July 25, 1933.

Lindabury, Steelman, Zink & Lafferty and Ronald A. Gulick, all of Newark, N. J., for appellants.

Maurice J. Zucker, of Newark, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The issue in this case is whether rents collected between the adjudication in bankruptcy and the sale under mortgage foreclosure proceedings belong to the trustee of the bankrupt estate or to the mortgagee. The referee held that they belonged to the trustee, and in this he was sustained by the District Court.

The National Commercial Title & Guaranty Company, hereinafter called the National Company, held a first mortgage for $70,000 upon certain property of Morris Weiss. The Associated Company held a second mortgage upon the same property for $15,000. Both bonds and mortgages contained an express assignment of the rents. Defaults occurred on both mortgages, and on October 14, 1928, Weiss wrote to the National Company that: "The interest on this mortgage is overdue, but I am very sorry that I am unable to pay any of it this month. I will try to pay as much as possible after the first of November."

The District Court, with the consent of the trustee, allowed the National Company to foreclose its mortgage in the Court of Chancery of New Jersey. The foreclosure sale resulted in a deficiency on both mortgages.

Both mortgagees made application for the rents collected by the trustee from the date of his appointment to the date of the foreclosure sale, less administration expenses, but, as above stated, this was denied by the referee and District Court. It is admitted that the second mortgagee cannot secure anything unless there is a surplus over and above the amount required to pay the first mortgagee.

■ The rule of law in this circuit is uniform that, as between mortgagee and trustee in bankruptcy, the rents, collected between adjudication and the sale under foreclosure proceedings, belong to the mortgagee under claim of deficiency where the proceeds of the sale are insufficient to pay the mortgage indebtedness. The mortgagee is the equitable owner of the bankrupt's real estate covered by the mortgage, and it would be inequitable to take the rents from what is really his property and divide them among general creditors. In re Industrial Cold Storage & Ice Co. (D. C.) 163 F. 390; In re Torchia (C. C. A.) 188 F. 207; In re Dooner & Smith (D. C.) 243 F.

984; Bindseil v. Liberty Trust Company (C. C. A.) 248 F. 112. This is the trend of decisions generally. Mortgage Loan Company v. Livingston, 45 F.(2d) 28 (C. C. A. 8); In re Wakey, 50 F.(2d) 869, 75 A. L. R. 1521 (C. C. A. 7).

■■ There is another reason why the rents thus collected should go to the mortgagee under claim of deficiency. Both bonds and mortgages expressly assigned the rents to the mortgagee in case of any default in the performance of the covenants. The assignment, though conditional, became absolute, effective, and enforceable upon the default which admittedly occurred. The mortgaged premises constituted part of the assets of the bankrupt estate, subject to the prior liens of the mortgages, and so the appointment of a receiver to collect the rents was not a prerequisite to the mortgagee's right to the rents. Myers v. Brown, 92 N. J. Eq. 348, 112 A. 844; Henn v. Hendricks, 104 N. J. Eq. 166, 144 A. 602; Paramount Building & Loan Association v. Sacks et al., 107 N. J. Eq. 328, 152 A. 457; Stanton v. Metropolitan Lumber Co., 107 N. J. Eq. 345, 152 A. 653; Freedman's Saving & Trust Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163.

■ The trustee says, assuming, without admitting, this to be the law, yet the appellants should not prevail, for the reason that they are guilty of laches because they failed seasonably to assert their claim, waived their rights to the rents because they applied to the court for permission to foreclose their mortgages, failed to file proof of claim for deficiency, failed to commence suit on bond for deficiency within six months after the sale under foreclosure proceedings, failed to take charge of the mortgaged premises or to have a receiver appointed to collect the rents, and failed to have the rents segregated.

This being a case in bankruptcy, we think that, under the facts herein, the above reasons, though earnestly presented, are not sufficient to overthrow the rule of law that the rents collected between adjudication in bankruptcy and the sale under foreclosure proceedings belong to the mortgagee on a claim of deficiency, and not to the trustee.

The decree of the District Court is reversed.