CONTINENTAL BANK & TRUST CO. OF NEW YORK v. NINETEENTH & WALNUT STREETS CORPORATION et al.

HICKEY et al. v. SAME.

Nos. 5763, 5764.

Circuit Court of Appeals, Third Circuit.

July 22, 1935.

Rehearing Denied Sept. 9, 1935.

Stanley Folz and Sylvan H. Hirsch, both of Philadelphia, Pa. (Sundheim, Folz & Sundheim, of Philadelphia, Pa., and Wise, Shepard & Houghton, of New York City, of counsel), for appellants.

Benjamin M. Golder, Otto Kraus, Jr., David Rosen, and Hirschwald, Goff & Rubin, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that on July 7, 1924, the Nineteenth & Walnut Street Corporation (hereafter called Nineteenth), the owner of the Rittenhouse-Plaza Apartment (hereafter called Plaza), gave a duly recorded mortgage to Walter S. Klee to secure a bond issue of $3,200,000. Subsequently this mortgage was duly assigned to the Continental Bank & Trust Company of New York (hereafter called Continental) and thereafter Nineteenth conveyed the premises, subject to said mortgage, to the Rittenhouse-Plaza Apartment Corporation (hereafter called Rittenhouse), the present holder of the title. Thereafter, the mortgage being defaulted, Continental, as assignee thereof, was relegated, for protection of the bondholders, to its legal rights, which it proceeded to exercise. Under the laws of Pennsylvania, the owner of a defaulted mortgage, unless restrained by covenant in the mortgage to the contrary, is entitled to take possession of the mortgaged premises and collect the rents and profits accruing thereon. In that respect it suffices to refer to the late case of Randal v. Jersey Mortg. Inv. Co., 306 Pa. 1, 158 A. 865, where the decisions so holding are collected. In the earlier case of Tryon v. Munson, 77 Pa. 250, 262, Chief Justice Agnew said: "The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made. He may, therefore, enter at pleasure, and take actual possession—use the land and reap its profits. Now this title or lawful right to possess, and actual pedis possessio, are not ideal or contemplative merely, but are real and tangible. True, the right is conditional, and will cease on payment of the debt; but until the condition is performed, the title and possession are as substantial and real as though they were absolute." This Pennsylvania rule of property is followed by the federal courts. Bindseil v. Liberty Trust Co. (C. C. A.) 248 F. 112; In re Torchia (C. C. A.) 188 F. 207; In re Industrial Cold Storage & Ice Co. (D. C.) 163 F. 390.

Moreover, in addition to the warrant of such authorities, Continental had the express written authorization of the mortgagor which provided:

"Whereas, said Trust Mortgage contains an assignment of the rents, issues and profits of said premises to the Assignee; and

"Whereas, the parties hereto desire to confirm the aforementioned assignment of rents, issues and profits, and insure the application thereof for the benefit of the Assignee and that the Assignee take possession of said premises;

"Now, Therefore, in consideration of the premises and the sum of One Dollar and other good and valuable consideration to the Assignor in hand paid by the Assignee, receipt of which is hereby acknowledged, and in order to reduce the said rents, issues and profits to the possession of the Assignee, it is hereby mutually covenanted and agreed as follows:

"First: The Assignor hereby surrenders and the Assignee hereby takes physical possession of said premises: * * *

"To Have and To Hold the same unto the Assignee until such time as all items now or hereafter in default under and/or with respect to the terms of said Trust Mortgage shall have been cured, satisfied and discharged."

In pursuance of these rights, Continental, on March 11, 1932, took possession of the mortgaged premises and proceeded to manage the same and collect the rents and profits thereof.

Such being the situation, Continental being legally in possession, Nineteenth and Rittenhouse, on December 17, 1934, filed in the court below petitions for reorganization under section 77B, Bankr. Act, 11 US CA § 207; whereupon that court, without notice to Continental, at once appointed receivers, ordered them to take possession of the mortgaged premises, and directed that "all * * * corporations having in their possession any of the property * * * of the debtor are hereby ordered to deliver the same to the trustees appointed herein * * * and each and every officer, directors, agents, employees, including the Continental Bank and Trust Company of New York * * * are hereby required to turn over and deliver to said trustees * * * any and all * * * other property * * * in * * * its * * * hands or under * * * its or their control belonging to the * * * debtor."

Subsequently, on December 20, 1934, the court modified its order by allowing Continental to remain in possession of the mortgaged premises, but on January 23, 1935, it entered an order substantially in form with its order of December 17,

1934, and on February 9, 1935, a further order that a bank which had on deposit $10,501.47 rents collected by Continental be paid over to the trustees the court had appointed. Thereupon these appeals were taken, and the question involved before us is: "Does the court under section 77B of the Bankruptcy Act have the power summarily to order a mortgagee in possession to surrender to debtors' trustees possession of the mortgaged property and the rents therefrom collected?"

After hearing by this court and due consideration of all questions involved, we are of opinion that the court below erred in refusing to allow appellants to intervene and also in taking from Continental the property mortgaged and the rents collected therefrom. Its orders so ruling are vacated. In doing so we have not overlooked the case In re Chicago R. I. & P. R. Co. (C. C. A.) 72 F.(2d) 443, quoted by appellees, where an attempt was made to sell collateral. The present case is not one of threatened sale of a debtor's assets, but simply one of a mortgagee in possession of the mortgaged premises collecting the rents and profits accruing therefrom.