**In re H. K. PORTER CO.**

No. 20029.

District Court, W. D. Pennsylvania.
June 2, 1938.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for trustee.

Robert C. Taylor, Jr., and Park J. Alexander, both of Pittsburgh, Pa., for mortgagees.

SCHOONMAKER, District Judge.

This petition came on to be heard on debtor's petition to disaffirm a written assignment of rents to the Fidelity Title & Trust Company, accruing from premises 5124-5230 Liberty Avenue, Pittsburgh, Pennsylvania, and the answer of the Fidelity Title & Trust Company. The facts are these:

The debtor owns the premises at 5124-5130 Liberty Avenue at Pittsburgh, which it bought subject to a mortgage executed by Discount Corporation of Pittsburgh, now owned by said Fidelity Title & Trust Company. The amount of taxes delinquent on said premises, plus the amount of principal and interest unpaid on said mortgage, in all probability exceeds the fair market-value of the same. On May 25, 1933, debtor assigned to said Trust Company all rents accruing from said premises, by written assignment, a copy of which assignment is attached to debtor's petition to disaffirm.

The debtor's position is that this contract is an executory one, and therefore subject to disaffirmance under Section 77B (c) (5) of the Bankruptcy Act, 11 U.S. C.A. § 207(c) (5).

We cannot so regard the assignment. So far as the debtor is concerned, it is an executed contract. The trustees admit the contract is executed, so far as concerns the rents which have already been paid, but not as to rents still to accrue. We do not see how the debtor can play fast and loose as to this assignment. Either it assigned the rents, or it did not. As we view the paper, the assignment is absolute and cannot now be set aside at the option of the trustees.

Under Pennsylvania law, a mortgagee is entitled on default, to take possession of the mortgaged premises, and to collect the rents. The debtor undoubtedly recognized this right in the mortgagee, when it assigned the rents to the mortgagee.

In its answer to the petition, the Fidelity Title & Trust Company alleges that on or about May 25, 1933, it made demands on debtor for payment of the amount due under the terms of the mortgage, and upon default thereof made demand for all rentals from the mortgaged property, as it was of right entitled to do under the terms of the mortgage; and in addition, and in consideration of said assignment of rents, refrained from foreclosure.

In view of the fact that the case was set down for hearing on the petition and answer, we must assume the above stated facts to be true.

We, therefore, have a case where the mortgagee was practically in possession collecting rents at the time the debtor's petition was filed in the instant case under Section 77B of the Bankruptcy Act. Under the authority of Continental Bank & Trust Company v. Nineteenth & Walnut Streets Corporation, 3 Cir., 79 F.2d 284, and Reighard v. Higgins Enterprises, Inc., 3 Cir., 90 F.2d 569, we should not disturb that situation.

The petition to disaffirm the assignment of rents will be denied. An order may be submitted accordingly.