PACIFIC MUTUAL LIFE INSURANCE COMPANY v.
BECK et al.

No. 15,332; December 28, 1893.

35 Pac. 169.

**Mortgage Foreclosure—Purchase by Mortgagee—Rents.**—Where
a Receiver was appointed in a suit to foreclose a mortgage, and the
mortgagee purchased the mortgaged premises at the foreclosure sale
for the full amount of his debt and costs, the rents and profits of the
mortgaged premises in the hands of the receiver at the time of the
sale belonged to the mortgagor and not to the mortgagee.

**Mortgage Foreclosure—Purchase by Mortgagee—Rents.**—The
mortgagee did not become owner by purchasing at the foreclosure
sale, so as to entitle him to rents payable ten days after the sale, since
his title was not changed thereby, except that the amount of his debt
was fixed, and his right to a deed or to a sum paid to redeem within
six months became absolute.

APPEAL from Superior Court, Alameda County; John
Ellsworth, Judge.

Action by the Pacific Mutual Life Insurance Company
against John Beck and Priscilla Beck and another to foreclose
a mortgage. From an order directing a receiver of the mort-
gaged property to pay rents and profits in his hands to the
mortgagor, the mortgagee appeals. Affirmed.

Kellogg & King and Fox, Kellogg & King for appellant;
J. W. Harding for respondents.

TEMPLE, C.—This appeal is from an order made after
judgment. The action was to foreclose a mortgage executed
by the defendants Beck to plaintiff, in which it was stipulated
that, when proceedings to foreclose were instituted, a receiver
might be appointed.

November 17, 1890, a suit to foreclose having been com-
menced, an application was made for the appointment of a
receiver. By consent a receiver was appointed, who in the
order was directed and authorized "to take charge of the
property, and prevent waste thereon, and to collect and re-
ceive the rents and profits thereof, and especially to farm or

lease or cultivate said·land, and to care for, protect, and at the proper time harvest and thresh or otherwise prepare for market and sell the product of said premises, holding the same and all moneys collected or received by him hereunder subject to the further order of this court in that behalf, reporting to the court, from time to time, his doings hereunder,'' etc. The receiver was appointed and duly qualified, and took possession of the mortgaged premises, which consisted of a farm.

In pursuance of the authority, the receiver leased the property for the cropping season of 1891, ''but in no event to exceed nine months from January 1, 1891, at the rent of one-fifth of all crops raised thereon during said demised term, payable as follows: Hay, well baled; wheat, barley, and similar products, sacked in good sacks,—and all the foregoing products delivered in a seasonable time for harvesting and gathering same at warehouse in Livermore, free of all expense to receiver.'' The proceedings not having been ended in 1891, the lease was renewed for the cropping season of 1892 on the same terms. Besides the terms above recited, the lease contained a stipulation that the tenant would cultivate the land ''in a farmer-like manner, using the same for the purpose of raising hay, wheat, barley, and similar crops.''

The questions involved in this appeal have reference to the crops of 1892. They were all harvested, and the portion paid as rent was delivered in the warehouse, as stipulated, before September 7, 1892. At that time the receiver obtained warehouse receipts for it. On the twenty-first day of September, 1892, the premises were sold under a decree of foreclosure entered in the suit. At that sale the mortgagee purchased, paying the full amount of its debt and costs. September 30, 1892, the receiver filed a report, showing that he had in his hands hay, wheat, and barley, the crop of 1892. Thereupon a contest arose between appellant and the defendants Beck, each claiming the property. It was given to the defendants, and plaintiff appeals from that order.

As the mortgage debt and all costs had been fully paid, it is difficult to comprehend upon what rational ground the mortgagee can claim the crops which were in the hands of the receiver. Counsel argues that the rents were collected by the receiver for the purpose of having them applied to the mortgage debt. Let that be admitted; still they did not belong to the mortgagee. They were held as security only. The

mortgagee was not entitled to his debt and the rents and profits, but to his debt only. The debt having been fully paid from the property of the debtor, the securities which remain belong to the debtor.

Counsel seem to argue in the opening brief that the lease did not expire until October 1st, and they put in proof that it was generally thought that the cropping season ended at that time. They then contend that the rents were not due until the end of the term, and that plaintiff, when he purchased the mortgaged premises at the foreclosure sale, which was nine days before October, became the owner of the premises, and, as such, entitled to all rents which fell due after his purchase. I think it clear that counsel are mistaken in all these propositions. The term expired at least as soon as the crops were harvested and removed from the premises. The term was for the cropping season, and it was stipulated, in effect, that the premises were to be used for the purpose of raising these crops only. If, however, it be conceded that the term continued until October, the crops were to be delivered to the receiver as soon as convenient after harvesting, "in a seasonable time after the proper and suitable time for harvesting and gathering same." If they had not been so delivered, it would have been the duty of the receiver to compel such delivery. And, lastly, if it be admitted that the rent was payable after the sale under the foreclosure, still the plaintiff would have no right to them. He did not become owner by purchasing at the sale. His title was not at all changed by that fact, except that the amount of his debt was fixed, and his right to a deed, or a sum paid to redeem within six months, absolute. His rights as purchaser are carefully defined in the Code of Civil Procedure.

It is suggested, rather than clearly stated, that his title dates back to the date of the mortgage. It cannot be that it is really claimed that any such relation affects plaintiff's rights in this case. The relation is allowed only to cut off intervening rights, but the purchaser has the rights of an owner only when he becomes entitled to his deed: Jones on Mortgages, sec. 1661. I advise that the order be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.