[Civ. No. 8603.    Fourth Dist., Div. Two.    Mar. 20, 1968.]

EASTLAND SAVINGS AND LOAN ASSOCIATION, Plaintiff and Appellant, v. THORNHILL & BRUCE, INC., et al., Defendants and Respondents.

Peters & Knox and Jack M. Peters for Plaintiff and Appellant.

Schlegel, Friedemann & Kelly and James L. Kelly for Defendants and Respondents.

McCABE, P. J.—Defendant Bruce leased a tract of 12 parcels of unimproved property in the City of Orange. He obtained a construction loan from plaintiff in the amount of approximately $405,000 ($33,800 per parcel) for the purpose of constructing apartment buildings on the leased property. Bruce executed trust deeds in favor of plaintiff as beneficiary, securing a promissory note on each parcel. The trust deeds contained provisions giving plaintiff, as additional security, the right to collect rents and also conferring upon plaintiff a power of sale.

Defendant Bruce assigned the leasehold to Thelma P. Mathewson, subject to plaintiff's encumbrance. Thelma P. Mathewson assigned the leasehold to Del Mar Mortgage, subject to plaintiff's encumbrance. The present dispute concerns plaintiff and Del Mar Mortgage, joined as a defendant in the action against defendant Bruce.

On August 15, 1965, Del Mar defaulted in monthly payments due on the promissory notes. In order to preserve its interest in the property, plaintiff advanced Del Mar approximately $24,000 ($2,000 per parcel) to pay rent, taxes and insurance. Del Mar executed additional promissory notes covering plaintiff's advances, which notes were secured by trust deed. Del Mar defaulted on these later notes by failing to pay the first installment on October 1, 1965. Del Mar continued to default on the original notes.

On December 14, 1965, plaintiff filed an action of foreclosure and for specific performance under the trust deeds. Concurrently plaintiff requested appointment of a receiver to collect rents and profits. A receiver was appointed, took immediate possession and proceeded to manage the property and collect rents pending judicial determination of plaintiff's suit.

On April 20, 1966, prior to judicial determination of the action, plaintiff caused the property to be sold under the power of sale conferred by the trust deeds. Plaintiff purchased the property, as sole bidder, for the sum of $426,484.94; said sum included unpaid principal on each note, interest due, advances made by plaintiff to Del Mar and costs of sale. *After the sale,* on April 22 1966, the receiver filed with the court his final accounting, showing a net balance from rents

collected of $5,906.31. Plaintiff petitioned for payment of said balance to it; defendant Del Mar filed a counterpetition. The trial court ordered the receiver make payment to Del Mar.

The question is whether plaintiff has any right to the net rents, *having bid in the full amount of the debt* at the private sale.

In support of its position, plaintiff cites a number of cases holding the anti-deficiency legislation does *not* constitute a bar to the recovery of rents following foreclosure and sale. (*Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869]; *Title Guar. & Trust Co.* v. *Monson,* 11 Cal.2d 621 [81 P.2d 944]; *Mortgage Guar. Co.* v. *Lee,* 61 Cal.App.2d 367 [143 P.2d 98]; *Mortgage Guar. Co.* v. *Sampsell,* 51 Cal.App. 2d 180 [124 P.2d 353].) But these cases are not in point since each focused upon some deficiency which existed following sale.

Each party argues unjust enrichment of the other. Defendant contends any excess of sale price over the debt belongs to the debtor and rents exceeding the debt should be treated likewise to avoid unjustly enriching plaintiff. Plaintiff contends allowing defendant to recover the rents benefits a wrongdoer and deprives plaintiff of funds properly its own but for the mere technical failure to either seek an accounting and offset of rents prior to sale, or reduce its bid price in the amount of the rents collected. Further, plaintiff argues the debt is not "actually" extinguished until resale of the property by it; the bid price at the foreclosure sale involving no cash transfer and therefore only ostensibly satisfying the debt.

■ Modern legislative and case law do not view the defaulting mortgagor (trustor) as a wrongdoer. In California, at least, three statutory provisions especially protect those borrowers who default (Code Civ. Proc., §§ 580, 725a and 726) from being disadvantaged by lenders. (Reisenfeld, *California Legislation Curbing Deficiency Judgments,* 48 Cal.L.Rev. 705).

■ It is well established that foreclosing senior encumbrancers are to receive at most the fair market value of their security plus deficiency if any. (*Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35, 38-40 [27 Cal.Rptr. 873, 378 P.2d 97]; *Hatch* v. *Security-First Nat. Bank, supra,* 19 Cal.2d 254, 259.)

■ Plaintiff does not assert, but would have this court infer, the amount it bid in at private sale was greater than the fair market value and therefore a deficiency existed in fact. No

evidence was presented in the trial court relative to the fair market value of the security, nor was the issue raised by either party.

When, as here, the price paid at the trustee's sale includes all items of indebtedness due to the beneficiary, there is no deficiency against which the rents collected by the receiver may be applied. Where the beneficiary receives full payment of the indebtedness, net rent money collected by the receiver belongs to the trustor. (34 Cal.Jur.2d Mortgages and Trust Deeds, § 518; *Pacific Mut. Life Ins. Co.* v. *Beck,* 4 Cal.Unrep. 393 [35 P. 169].)

Judgment affirmed.

Kerrigan, J., and Gabbert, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.