490 F.2d 1141
 In the Matter of VENTURA-LOUISE PROPERTIES, a Limited
Partnership, composed of Robert M. Myers and
Victor T. Koozin, General Partners.
GREAT WEST LIFE ASSURANCE COMPANY, Petitioners-Appellants,
v.
Don M. ROTHMAN, Trustee-Appellee.
 No. 71-2624.
 United States Court of Appeals, Ninth Circuit.
 Jan. 3, 1974.
 
 Richard M. Moneymaker, Tiernan & Moneymaker, Los Angeles, Cal. (Argued), for petitioners-appellants.
 Alan S. Pitt, Beverly Hills, Cal. (Argued), for trustee-appellee.
 Before CHAMBERS and BARNES, Circuit Judges, and KING, District judge.*
 OPINION
 BARNES, Circuit Judge:
 
 
 1
 This is an appeal from a final judgment of the United States District Court for the Central District of California affirming an Order, made by the Referee in Bankruptcy denying appellant's claim, as a trust deed beneficiary, for recovery of rents collected and held by appellee, Trustee in Bankruptcy.
 
 
 2
 The relevant facts can best be summarized in outline form in a chronological time sequence.
 
 
 3
 Great West Life Assurance Company of Winnipeg, Canada, appellant herein, is hereinafter referred to as 'Lender'. A. J. Bumb and Dan M. Rothman, Appellee (who succeeded Bumb as Trustee), are hereinafter referred to as 'Trustee'. Ventura-Louis Properties, Inc., the bankrupt corporation, is hereinafter referred to as 'Debtor'.
 
 
 4
 8/26/63 Debtor executed a deed of trust in favor of Lender on real estate located in Los Angeles County, near the intersection of Ventura Boulevard and Louis Street to secure a loan of $1,600,000.00. Rents paid to Debtor. Trust Deed recorded.
 
 
 5
 5/1/64 Debtor executed a second deed of trust on the same property and also included a seconnd parcel in the Palm Springs area, Sunrise Estates (in effect a first deed of trust on this parcel, see Appellee's Brief, pp. 6-7) in favor of Manufacturer's Bank to secure an additional loan of $850,000. Lender relies upon the 'assignment of rents' clause in this second trust deed for its claim to the rents. (Ex. 9 second document)
 
 
 6
 6/1/66 Lender filed, recorded its Notice of Breach and Default, and Election to Sell, on the second trust deed. (Ex. 11)
 
 
 7
 Prior to 6/2/66 both loans were in default.
 
 
 8
 7/21/66 Pursuant to its 'assignment of rents' clause, Lender gave written notice to each tenant on the property, notifying them that Lender was exercising its right to collect rents under its assignment of the rents and demanded that all rents be paid to it. (Ex. 5)
 
 
 9
 9/8/66 Debtor filed a Chapter XII petition in bankruptcy and A. J. Bumb was appointed Trustee in Bankruptcy. (Finding of Fact No. 1).
 
 
 10
 On or about 9/16/66 Trustee notified all tenants of Ventura-Louise property to pay all rents to him as Trustee in Bankruptcy. (Finding of Fact No. 17). Lender in order to avoid nonpayment of rent by tenants because of conflicting demands agreed that A. J. Bumb could so collect the rents. (Finding of Fact No. 18). A. J. Bumb did collect rents from all tenants until 6/25/68, the date of the foreclosure sale. (Finding of Fact No. 19). Neither Lender, nor any of its officers or agents, took any steps during the pendency of the bankruptcy proceeding to either (A) collect any of the rents on the subject property; (B) obtain an order of the Court to sequester said rents; (C) obtain an order of the Court for the Trustee to collect rent for them; or (D) secure permission of the Court to foreclose until an order was entered on June 20, 1968, upon application of the Trustee herein. (Finding of Fact No. 21).
 
 
 11
 7/17/67 Order entered in the Bankruptcy Proceeding entitled 'Order Adjudging Debtor a Bankrupt and Directing That Bankruptcy Be Proceeded With.'
 
 
 12
 6/20/68 Referee in Bankruptcy upon Trustee's application entered Order permitting foreclosure upon the realty. (Finding of Fact No. 11). Lender bid in the subject realty for $2,200,068.20. (Finding of Fact No. 12). At the time of foreclosure sale, there was due and owing on Lender's first deed of trust of August 26, 1963, the sum of $2,103,625.57 (Ex. 1) and upon the note secured by the second trust deed the sum of $461,622.79 (Ex. 9). Thus, the foreclosure left a deficiency owing in excess of $364,180.08 (Ex. 15).
 
 
 13
 9/16/66-6/25/68 Trustee collected rents in excess of $75,000.00, the balance he now holds. Lender demands these monies in satisfaction of its deficiency.
 
 
 14
 Both parties agree on this appeal, and we find, that the rights of the Lender to the rents are determined by the law of California. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Tower Grove Bank & Trust Co. v. Weinstein, 119 F.2d 120 (8th Cir. 1941).
 
 
 15
 But two issues are before us for determination. First, what is the legal effect of the 'assignment of rents' clause-- (a) an absolute assignment of rents to the Lender contingent only upon the occurrence of a default, or (b) an assignment for security purposes only, in which case the rents could inure to the Trustee in Bankruptcy? Secondly, if we hold the latter (i.e., that the clause is an assignment for security purposes only), we must determine whether the Lender perfected its rights to the rents collected by the Trustee.
 
 
 16
 The 'assignment of rents' clause in question reads in pertinent part as follows:
 
 
 17
 'B. Should Trustor fail or refuse to make any payment or do any act which he is obligated hereunder to make or do, at the time and manner herein provided, then Trustee and/or Beneficiary each in its sole discretion, it being hereby made the sole judge of the legality thereof, may, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof:
 
 
 18
 '1. Make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, either Trustee or Beneficiary being authorized to enter upon or take possession of said property for such purpose; . . .'
 
 
 19
 '3. Beneficiary is authorized either by itself or by its agent to be appointed by it for that purpose, to enter into and upon and take and hold possession of any or all property covered hereby and exclude the Trustor and all other persons therefrom; and may operate and manage the said property and rent and lease the same and collect any rents, issues, income and profits therefrom, and from any personal property located thereon, the same being hereby assigned and transferred for the benefit and protection of the Beneficiary . . .' (Ex. 9, second sec., para. B, subsec. 1 and 3).
 
 
 20
 Where a mortgage includes the rents as a portion of the property pledged to secure the debt (additional security as alleged by appellee here), only a security interest passes, and until the mortgagee (Lender) obtains lawful possession, the mortgagor (Debtor) in possession may collect the rents as they fall due. To perfect a claim to the rents thereto, the mortgagee must actually acquire possession of the mortgaged property by consent or lawful procedure, or secure the appointment of a receiver. Kinnison v. Guaranty Liquidating Corp., 18 Cal.2d 256, 261, 115 P.2d 450, 455 (1941).
 
 
 21
 Provisions granting to the mortgagee the right to collect rents in event of default may be attached to a mortgage or trust deed. Such an agreement can provide for an absolute assignment of rents upon default. 'It has been held that such a provision, rather than pledging the rents as additional security, operates to transfer to the mortgagee, the mortgagor's right to the rentals upon the happening of a specified condition.' Id. at 261, 115 P.2d at 453. The California rule is:
 
 
 22
 '. . . that the parties to a mortgage or deed of trust may contract respecting the right to rentals and that such agreements will be enforced in accordance with the expressed intention of the parties. Whether the agreement between the parties is incorporated in the mortgage or deed of trust or whether it is in the form of a separate instrument is not controlling; the decisive question is whether the parties contemplated an assignment of the rentals or merely a pledge of the rentals for security purposes.' Id. at 262, 115 P.2d at 453.
 
 
 23
 The Kinnison case held that the beneficiary under a trust deed, who, in addition, held an assignment of rents, was entitled to the rents collected and deposited in the bank by the debtor ahead of an existing creditor of the debtor.
 
 
 24
 The Trustee attempts to distinguish the facts in Kinnison with those here by contending that since the 'assignment of rents' clause in Kinnison was not contingent on default, but executed after default, and was an unconditional assignment, therefore all assignments of rent must be unconditional and contemplate an immediate transfer of rents. (Appellee's Brief, p. 13). Kinnison, however, recognizes an absolute assignment of rents can occur upon the happening of a contingency; a default. Id. at 261, 115 P.2d 450. Also, an absolute assignment does not, of necessity, contemplate an immediate transfer of rents.
 
 
 25
 'There is a marked difference between a pledge for additional security and an assignment. Ordinarily a pledge is considered as a bailment and delivery of possession, actual or constructive, is essential, but transfer of title is not. On the other hand, by assignment, title is transferred although possession need not be.' Paramount Building & Loan Ass'n v. Sacks, 107 N.J.Eq. 328, 152 A. 457, 458 (1930).
 
 
 26
 Appellee apparently confuses this distinction in relying on the clause in In the Matter of Hotel St. James, Inc., 65 F.2d 82 (9th Cir. 1933) which read in part:
 
 
 27
 'If one or more of the events of default shall happen, the Trustee . . . shall enter . . . and take . . . possession of the trust estate . . . and may . . . operate . . . the estate, and conduct the business thereof to the best advantage of the holders of the bonds secured thereby . . .
 
 
 28
 'The Trustee shall be entitled to the appointment of a receiver of the trust estate and of the earnings, rents, dividends, income, interest and profits thereat . . .'
 
 
 29
 In Hotel St. James the beneficiary's claim for rents was disallowed because there was no attempt to take possession, or to sequester rents, or to have a receiver appointed. However, a finding that the clause created a pledge for additional security necessitated inquiry into the question of who was in possession. Here the 'assignment of rents' clause does not require possession. Here the terms 'authorized to enter' and 'may operate and manage' are used as distinguished from the Hotel St. James' clause which uses the term 'shall',-- connotating a condition for perfecting the security interest by entering into possession.
 
 
 30
 The clause in Hotel St. James fails to use the word 'assignment' or 'transfer' or any term indicating an 'assignment', whereas the clause here in question specifically uses the term 'assigned' without making any express limitation such as the term 'additional security' used in the clause in Malsman v. Brandler, 230 Cal.App.2d 922, 924, 41 Cal.Rptr. 438 (1964), in which the court concluded the language was persuasive that the parties intended a security interest and not an absolute assignment. Id. at 925, 41 Cal.Rptr. 438.
 
 
 31
 In Associated Co. v. Greenhut, 66 F.2d 428 (3rd Cir. 1935), a mortgage expressly assigned the rent to mortgagee upon default. The Third Circuit (in holding that the rents collected between the mortgagor's bankruptcy adjudication and foreclosure sale belong to mortgagee on his deficiency claim, not the trustee in bankruptcy), stated that 'the assignment, though conditional, became absolute, effective, and enforceable upon the default which admittedly occurred. The mortgaged premises constituted part of the assets of the bankrupt estate, subject to the prior liens of the mortgage, and so the appointment of a receiver to collect the rents was not a prerequisite to the mortgagee's right to rents.' Id. at 429. Similarly here, possession is not a prerequisite to the Lender's right to the rents upon default under the absolute assignment in the clause used by the parties to the mortgage. We therefore agree with the court in Kinnison which said, 18 Cal.2d at page 262, 115 P.2d at page 453:
 
 
 32
 'In the present case we do not see how it can be said that the parties contemplated merely the transfer of a security interest in the rentals.'
 
 
 33
 We hold that the present clause provides for an absolute assignment thus entitling the Lender to the rents.[1]
 
 
 34
 We therefore reverse the District Court's order affirming the Referee's order, and remand for the entry of judgment in accordance with the foregoing opinion.
 
 
 
 *
 The Honorable Samuel P. King of the District of Hawaii, sitting by designation
 
 
 [1]
 Although we need not meet the perfection issue we do note that a demand for possession would have been sufficient for the Lender to perfect its security interest. Freedman's Savings and Trust Co. v. Shepherd, 127 U.S. 494, 8 S.Ct. 1250, 32 L.Ed. 163 (1888); Accord: Webster Factors, Inc. v. United States, 436 F.2d 425, 428, 193 Ct.Cl. 892 (1971). Here the Lender's demand for the rents (Findings of Fact No. 17) was tantamount to a demand for possession under the language of Mortgage Guarantee Co. v. Sampsell, 51 Cal.App.2d 180, 124 P.2d 353 (1942). There the court discussed the general rules at 187-188, 124 P.2d 353, citing and quoting from In re Clark Realty Co., 234 F. 576, 582 (7 Cir. 1916) where the Court says:
 'This clause in the mortgage did not give to the mortgagees an absolute right to the rents until there was a default and until the mortgagees made some claim or demand for the rents, they belonged to the mortgagor . . .. Under those authorities the decision of the referee and the District Court, giving to the mortgagees the rents from and after the time they made claim for them and denying the rents accruing prior to such claims was correct.'
 The court in Sampsell went on to show that the general rule announced in Clark Realty is followed by the California courts in Bank of America v. Bank of Amador County, 135 Cal.App. 714, 721, 28 P.2d 86 (1933). Id., 51 Cal.App.2d at 188, 124 P.2d 353.