FLETCHER, Circuit Judge:
Equitable Mortgage and Kelban & Associates, beneficiaries under two deeds of trust, appeal from the denial of their claim in bankruptcy to rents generated by the encumbered property from the date of bankruptcy until the property was abandoned to the debtor. The district court affirmed. We have jurisdiction to review under 11 U.S.C. § 47 (1976). Although we agree with appellants that the bankruptcy court failed to give proper legal effect to the assignment-of-rents provisions in the deeds of trust, appellants have not shown the existence of any debt owed to them to which the rents may be applied. Because the debt has been fully satisfied, we affirm the judgment below.
I
Equitable Mortgage and Kelban & Associates were holders of promissory notes in the sum of $200,000 and $22,000, respectively, executed by Charles D. Stapp on behalf of Manor House Furniture Co. The notes were secured by separate deeds of trust on property owned by Stapp and Manor House. *738 Each of the deeds of trust contained the following provision:
TRUSTOR ALSO ASSIGNS to beneficiary all rents, issues and profits of said realty, reserving the right to collect and use the same except during continuance of some default hereunder and during continuance of such default, authorizing beneficiary to collect and enforce the same by any lawful means in the name of any party hereto.
Manor House and Stapp subsequently became debtors in a Chapter XI arrangement proceeding. During the course of that proceeding the receiver for the debtors procured a tenant for the encumbered premises at a monthly rental of $2,500. The bankruptcy court ordered the Chapter XI proceeding terminated on July 27,1973 without confirmation of an arrangement and ordered the debtors to proceed with straight bankruptcy.
On July 31, 1973, the trustee under the deeds of trust filed Notices of Default and Election to Sell and notified the tenant to pay all future rents to Equitable and Kelban. This demand was repeated on August 31, 1973, but the tenant continued to pay rents to the trustee in bankruptcy.
On September 21, 1973, Equitable and Kelban filed an Application to Reclaim Property in bankruptcy court, seeking to recover the $2,500 per month rent paid to the bankruptcy trustee after July 31, 1973, the date of default.
On December 19,1973, in accordance with a stipulation of the parties, the court ordered the trustee in bankruptcy to abandon the encumbered property, thus permitting the beneficiaries to proceed with foreclosure and a trustee’s sale. At sale, the property was bid at the full amount of the debt owed Equitable and Kelban.
The court order of December 19 established a schedule for the submission of briefs-bearing on the question of appellants’ entitlement to rents accruing after default. Before appellants filed an opening brief, however, the court directed the trustee to pay $25,000 to Westinghouse Credit Corp., a secured creditor of the bankrupt. Equitable and Kelban objected to the order insofar as the sum included the disputed rental proceeds. The court overruled their objections, reasoning that the beneficiaries of the deeds of trust were not entitled to rents because they had not reduced the premises to possession, caused the rents to be sequestered, or otherwise perfected their claim to the rents.
II
This dispute is governed by the law of the state where the encumbered property is located. Butner v. United States, 440 U.S. 48, 54-57, 99 S.Ct. 914, 917-19, 59 L.Ed.2d 136 (1979); Great West Life Assurance Co. v. Rothman (In re Ventura-Louise Properties), 490 F.2d 1141 (9th Cir. 1974). There are, however, no Nevada decisions addressing the question of entitlement to rents as between a trustee in bankruptcy and beneficiaries claiming under an assignment-of-rents provision in a deed of trust.[1] Consequently, we must seek guidance from courts in other jurisdictions that have considered the issue. Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir. 1979); Holcomb Constr. Co. v. Armstrong, 590 F.2d 811, 813 (9th Cir. 1979).
III
Equitable and Kelban contend that the bankruptcy court did not give proper legal effect to the assignment-of-rents provisions contained in the deeds of trust. They rely principally on Great West Life Assurance Co. v. Rothman (In re Ventura-Louise Properties), 490 F.2d 1141 (9th Cir. 1974), a case in which this court looked to California law to determine the rights of the parties under an assignment-of-rents provision similar to *739 the one in question here.[2] In VenturaLouise the debtor defaulted on an obligation secured by a deed of trust, and the lender made a rental demand on the debt- or’s tenants pursuant to an assignment-of-rents provision. Shortly thereafter, the debtor filed a petition in bankruptcy. The trustee and lender agreed that the trustee would collect rents to avoid subjecting the tenants to conflicting demands. The lender made no further attempt to enforce its claim to the rents until a foreclosure sale resulted in a deficiency. The lender then sought to satisfy its deficiency from the rents collected by the trustee.
We explained in Ventura-Louise that a court confronted with an assignment-of-rents provision must determine whether the parties intended the clause to be an absolute assignment of rents or merely an assignment for security purposes. The distinction was crucial in Ventura-Louise because under California law, if an assignment is absolute, the beneficiary of the deed of trust is entitled without further action to all rents accruing from the date of notice of the default. If the assignment-of-rents provision is construed as a pledge of the rents as additional security, the rents inure to the bankruptcy trustee until the trust deed beneficiary perfects his claim to them. Ventura-Louise, 490 F.2d at 1143-44 (citing Kinnison v. Guaranty Liquidating Corp., 18 Cal.2d 256, 261-62, 115 P.2d 450, 455 (1941)). The court ruled in VenturaLouise that the assignment provision was absolute and that the lender was entitled to the rents despite its failure to acquire possession of the property or otherwise perfect its claim. 490 F.2d at 1145.[3]
Equitable and Kelban assert that their assignment provisions are functionally equivalent to the one construed in VenturaLouise and that therefore they are entitled to all rents accruing after the date of default.[4]
We are persuaded, as was the court in Ventura-Louise, that the use of the term “assignment” without the qualifying language “as additional security” indicates that the parties to the trust deeds contemplated an absolute assignment of rents to take effect upon occurrence of default, without further action by the creditors. We cannot agree with appellees’ contentions that the differences in terminology between the provision construed in Ventura-Louise and the one now before us are significant.
Appellees argue, nevertheless, that factual differences in the two cases render Ventura-Louise inapposite authority. Appellees first note that in Ventura-Louise the debtor *740 defaulted before he filed a petition in bankruptcy. Appellees fail to explain, however, why this factual difference is significant. We find nothing in Ventura-Louise or the cases on which that decision rests to suggest that the sequence of default and bankruptcy was a material factor in the court’s reasoning.
Appellees note a second and, we think, dispositive difference between the two cases. In Ventura-Louise the foreclosure sale resulted in a deficiency that formed the basis for the lender’s demand for rents. Likewise, in the two cases on which we relied in Ventura-Louise, the assigned rents satisfied outstanding debts. Associated Co. v. Greenhut, 66 F.2d 428 (3d Cir.), cert. denied, 290 U.S. 696, 54 S.Ct. 131, 78 L.Ed. 598 (1933); Kinnison v. Guaranty Liquidating Corp., 18 Cal.2d 256, 115 P.2d 450 (1941). Furthermore, in Fidelity Bankers Life Ins. Co. v. Williams (In re O’Neill Enterprises), 506 F.2d 1242 (4th Cir. 1974), a case in which the Fourth Circuit followed our decision in Ventura-Louise, a deficiency gave rise to a claim for rents accruing, as in the instant case, between the adjudication of bankruptcy and the foreclosure sale following abandonment.
The assignment here is “absolute” in the sense that it was effective upon default without further action by the creditor. Pending foreclosure the mortgagee-creditor was entitled to collect and hold the rents as against the trustee without any action other than notice of the default and demand for the rents. “Absolute” does not mean, however, that the assignee is relieved of all obligation to account or that the right to the rents is independent of the underlying debt. Upon foreclosure, the creditor, of course, must account for any excess derived from the sale and rents collected between the date of default and the date of foreclosure sale over and above the amount of the obligation owed.
In the instant case there was no deficiency after the sale. In other words, the bankrupt’s obligations to Equitable and Kelban had been fully paid. Accordingly, appellants have no claim to the rents. New Haven Sav. Bank v. General Fin. & Mortgage Co., 174 Conn. 268, 386 A.2d 230 (1978); Eastland Sav. & Loan Ass’n v. Thornhill & Bruce, Inc., 260 Cal.App.2d 259, 66 Cal.Rptr. 901 (1968). Accord, Cornelison v. Kornbluth, 15 Cal.3d 590, 606-07, 542 P.2d 981, 992-93, 125 Cal.Rptr. 557, 568-69 (1975).
The order denying appellants’ claim to rents is AFFIRMED.

. In a 1911 diversity case a district court applied Nevada law and held that the mortgagor was entitled to rents and profits so long as he had possession of the property, and that the mortgagor’s trustee in bankruptcy took the property with the same rights to obtain rents prior to foreclosure that the bankrupt had while he was in possession. Alter v. Clark, 193 F. 153 (D.Nev. 1911). There was, however, no assignment-of-rents provision in that case.

. The assignment-of-rents provision in Ventura-Louise read in pertinent part as follows:
Should Trustor fail or refuse to make any payment or do any act which he is obligated hereunder to make or do, ... then Trustee and/or Beneficiary each in its sole discretion, it being hereby made the sole judge of the legality thereof, may, without notice to or demand upon Trustor, and without releasing
Trustor from any obligation hereof:
1. Make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, either Trustee or Beneficiary being authorized to enter upon or take possession of said property for such purpose; .. .
3. Beneficiary is authorized either by itself or by its agent to be appointed by it for that purpose, to enter into and upon and take and hold possession of any or all property covered hereby and exclude the Trustor and all other persons therefrom; and may operate and manage the said property and rent and lease the same and collect any rents, issues, income and profits therefrom, and from any personal property located thereon, the same being hereby assigned and transferred for the benefit and protection of the Beneficiary ....
490 F.2d at 1143 (emphasis in opinion).

. Although it was not necessary to reach the issue, the court observed that a demand for possession would have been sufficient to perfect the lender’s security interest and, further, that a demand for rents was tantamount to a demand for possession. 490 F.2d at 1145 n.l.

. Alternatively, Equitable and Kelban argue that if the assignment is construed to be one for security purposes only, their Application to Reclaim Property was the equivalent of a petition for sequestration of rents and would entitle Equitable and Kelban to all rents accruing after that date. Because we conclude that the assignment was absolute, we need not address this issue.