**In re Dennis J. DACEY & Mary P. Dacey, Debtors.**

**FBS MORTGAGE, Plaintiff/Appellant,**

**v.**

**Dennis DACEY & Mary Dacey, Defendants/Appellees.**

**No. CV–S–87–229–PMP.**
**Bankruptcy No. S–85–01491.**

United States District Court, D. Nevada.

Sept. 30, 1987.

Philip Aurback, Las Vegas, Nev., for plaintiff/appellant.

Leslie Stovall, Las Vegas, Nev., for defendants/appellees.

## OPINION and ORDER

PRO, District Judge.

On February 19, 1987, FBS MORTGAGE (Appellant) filed a Notice of Appeal (# 12) from the following decisions of the United States Bankruptcy Court (D.Nev.): (1) Order denying Motion for Relief from Automatic Stay entered on November 19, 1986, and (2) Order denying Motion to Alter or Amend and for Determination of Priority Claim entered on February 11, 1987. Appellant filed its Opening Brief (# 21) on June 11, 1987, concurrently with Appellees' Reply Brief (# 20), and Appellant filed its Final Reply Brief (# 24) on June 25, 1987. On September 11, 1987, the parties presented oral argument to the Court.

For the reasons discussed below, the Court must rule in favor of Appellant and reverse the Orders of the Bankruptcy Court.

## FACTUAL BACKGROUND

Appellees filed for bankruptcy under Chapter 11 on October 1, 1985. On September 8, 1986, Appellant filed a Notice of Perfection of Rights to Rent pursuant to 11 U.S.C. § 546(b), based on Appellant's interest in the rents generated from the property of Appellees which is encumbered by a deed of trust in favor of Appellant (the "Deed of Trust"). On September 18, 1986, Appellant moved that (1) the Bankruptcy Court lift the automatic stay so as to allow Appellant, as beneficiary under the Deed of Trust, to foreclose on the property, and (2) to require Appellees to sequester any rents received from tenants on the property and to turn over to Appellant (a) any rents which had been collected since Appellees' default under the purchase money note held by Appellant, and (b) any future rents received from tenants on the property.

On October 14, 1986, the Bankruptcy Court granted Appellant's motion that Appellees sequester any rents received, but denied Appellant's motions for relief from the automatic stay and for Appellees' tendering to Appellant of past and future rent received from tenants of the subject property. On October 24, 1986, Appellant filed a Motion to Alter or Amend the Bankruptcy Court's decision and for a determination that previously collected rents be deemed "administrative expenses" under 11 U.S.C. § 503(b)(1)(A). On January 6, 1987, the Bankruptcy Court denied Appellant's motions, prompting the appeal now before the Court.

## LAW GOVERNING

■ Disputes arising from conflicting interpretations of the legal effect of deeds of trust encumbering real property are governed by the law of the state in which the encumbered property is located. See *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Unfortunately, there is a dearth of Nevada authority on the issues presented by this case. Consequently, in *Matter of Charles D. Stapp of Nevada, Inc.*, 641 F.2d 737 (9th Cir.1981), the Ninth Circuit sought guidance from

neighboring California to facilitate its review of the Nevada District Court's decision. In *Stapp*, the Ninth Circuit relied on its earlier decision, *In re Ventura–Louise Properties*, 490 F.2d 1141 (9th Cir.1974), in which the court determined the rights of the parties under an assignment of rents provision to be "absolute."

### Absolute Assignment: Parties' Intent Determinative

In *Stapp*, the Ninth Circuit characterized two classes of assignment of rent provisions:

> We explained in *Ventura–Louise* that a court confronted with an assignment-of-rents provision must determine whether the parties intended the clause to be an absolute assignment of rents or merely an assignment for security purposes. The distinction was crucial in *Ventura–Louise* because under California law, if an assignment is absolute, the beneficiary of the deed of trust is entitled without further action to all rents accruing from the date of notice of the default. If the assignment-of-rents provision is construed as a pledge of the rents as additional security, the rents inure to the bankruptcy trustee until the trust deed beneficiary perfects his claim to them. 641 F.2d 737, 739 (citations omitted).

Both Appellant and Appellees agree that the assignment of rent provision under judicial consideration is an "absolute" assignment. See Appellant's Opening Brief (# 21), p. 4, and Appellees' Reply Brief (# 20), p. 3. The dispute arises in connection with the interpretation of the terms of the assignment provision. Therefore, the only issue before the Court is whether the assignment of rents accrues to the benefit of the beneficiary, as asserted by Appellant, or in favor of trustee, as asserted by Appellees.

### Provision in Stapp Distinguishable, but Rule Applicable

In *Stapp*, the assignment of rent provision named the beneficiary as the assignee, while in *Ventura–Louise*, both the beneficiary and the trustee were named as assignee. Accordingly, the Ninth Circuit's application of the absolute assignment rule in *Stapp* necessarily benefited the mortgagee-creditor, as the party designated as assignee by the terms of the assignment of rents provision:

> *Pending foreclosure* the mortgagee-creditor was entitled to collect and hold the rents as against the trustee without any action other than notice of the default and demand for the rents. "Absolute" does not mean, however, that the assignee is relieved of all obligation to account or that the right to the rents is independent of the underlying debt. *Upon foreclosure*, the creditor, of course, must account for any excess derived from the sale and rents collected between the date of default and the date of foreclosure sale over and above the amount of the obligation owed. 641 F.2d 737, 740 (emphasis added).

However, Appellant's Opening Brief fails to note an important distinction between the assignment of rents provision which is the subject of this appeal, and those provisions considered in *Stapp* and *Ventura–Louise*. The assignment of rents provision contained in the deed of trust to which Appellant is beneficiary and Appellees are trustors provides *in toto*:

> The grantor [trustor] hereby assigns to the trustee any and all rents of the above-described premises and hereby authorizes trustee, without waiving or affecting its rights to foreclose or any other right hereunder, to take possession of the premises at any time after there is a default in the payment of the debt or in the performance of any of the obligations herein contained, and to rent the premises for the account of the grantor.

Appellant's Appendix, Exhibit 5 (# 22). Accordingly, while the analysis of *Stapp* is dispositive, the outcome as applied to this particular assignment provision cannot be automatic since the phrase "for the account of grantor" is rather vague as to whose benefit the collected rent accrues.

Appellees point out that since the assignment of rents provision does not authorize

the beneficiary (Appellant) to collect the rents in the event of the trustors' (Appellees') default, and further states that after taking possession of the premises the trustee shall collect the rents "for the account of the grantor (Appellees)," then such rents should accrue to the benefit of Appellees pending foreclosure.

Appellant, on the other hand, emphasizes that under paragraph 11 of the Deed of Trust, the beneficiary (Appellant) is entitled, as its discretion, to substitute another party in place of the trustee. This unbridled power in favor of the beneficiary, Appellant contends, indicates that the trustee is in effect the beneficiary's agent for purposes of collecting rents upon the trustors' default.

While the Court need not consider the question of agency between trustee and beneficiary, an important point is not addressed in the briefs filed by either party. To wit: the interplay between paragraph 2, which provides for the trustor to pay beneficiary the principal and interest due under the note secured by the Deed of Trust (in addition to various charges insurance premiums, ground rents, taxes and assessments), and paragraph 9, the assignment of rents provision. Confining review to within the "four corners" of the Deed of Trust, the Court must infer that the trustee's collection of the rents "for the account of the [trustor]" is for bookkeeping purposes and that upon trustors' default, paragraph 9 is intended to provide the mechanism by which the trustee would collect rents and forward the same to the beneficiary in order to satisfy trustor's obligations to beneficiary as specified in paragraph 2.

Under this reading of the Deed of Trust, the requirement that the trustee collect rents "for the account of [trustor]" upon trustors' default serves a useful purpose. Namely, in the event of a foreclosure sale, if the rents collected "for the account of [trustor]" and forwarded to the beneficiary between the date of default and the date of foreclosure, *when combined* with the proceeds from the foreclosure sale, *exceed* the total indebtedness owed beneficiary, such excess would be reimbursement owed to the trustors following the foreclosure sale. If the phrase "for the account of [trustor]" is read, as Appellees suggest, to the effect that any rents collected by the trustee are to be held until after a foreclosure sale, then the distinction between an "absolute assignment" of rents and an assignment merely as "additional security" as articulated by the Ninth Circuit in *Stapp* would be rendered meaningless.

The Court concludes that the dicta in *Stapp* is somewhat confusing since the Ninth Circuit upheld the Nevada District Court's decision because the bankrupt trustor's obligation to the mortgagee-creditors had already been paid prior to the commencement of the suit in federal district court. Under the facts presented in *Stapp*, following the trustor's (appellee's) declaration of bankruptcy, the received procured a tenant for the premises encumbered by the deed of trust under which the mortgagee-creditors were the beneficiaries. The trustee ordered the tenant to direct the rent payments to the beneficiaries (appellants), however, the tenant continued to pay rents to the trustee in bankruptcy. After the foreclosure sale at which the beneficiaries received the full amount of the debt owed them by the bankrupt trustor, the beneficiaries sued for the rental payments which had accumulated during the bankruptcy.

However, since the beneficiaries had received the full amount of the debt owed them, the Ninth Circuit upheld the district court's holding that pursuant to an "absolute" assignment of rents, the beneficiaries were entitled to recover the amount of the debt owed them and no more:

"Absolute" does not mean, however, that the assignee is relieved of all obligation to account or that the right to the rents is independent of the underlying debt. In the instant case there was no deficiency after the sale. In other words, the bankrupt's obligations to [beneficiaries] had been fully paid. Accordingly, [beneficiaries] have no claim to the rents. 641 F.2d 737, 740 (citations omitted).

In effect, then, both the Nevada District Court and the Ninth Circuit recognized that the assignment of rents provision in *Stapp*

was "absolute" and that the beneficiaries, as the parties designated by the terms of the assignment provision, were entitled to collect the rents between the date of trustor's default and the date of foreclosure. However, since the foreclosure sale had been consumated with the result that the bankrupt trustor's debt owed to the beneficiaries had been fully satisfied, neither court would retroactively award the rents collected by the bankruptcy trustee since the beneficiaries were only entitled to the indebtedness owed them as evidenced by the promissory note and no more. In other words, to award the rents collected from the encumbered premises to the beneficiaries in the *Stapp* case would amount to their enrichment beyond the bankrupt trustor's obligation to them.

### CONCLUSION

The Court finds that the very purpose for the inclusion of the assignment of rents provision within the Deed of Trust indicates that upon default by trustor (Appellees), rents are to be collected to satisfy the indebtedness owed to beneficiary under the Deed of Trust (Appellant). Moreover, both parties to this action agree that the assignment of rents provision is "absolute" and therefore subject to the rule articulated in *Stapp*. Consequently, upon default by trustor, it would seem superfluous for trustee to collect rents without forwarding the same to beneficiary as partial satisfaction of the trustor's debt. Finally, if any rents received by the beneficiary (Appellant), when combined with the proceeds of the foreclosure sale, exceed the obligation owed the beneficiary, then under the rule articulated in *Stapp*, such excess would be due back to the trustor (Appellees).

IT IS THEREFORE ORDERED that the following decisions of the United States Bankruptcy Court for the District of Nevada are reversed: (1) Order denying Motion for Relief from Automatic Stay entered on November 19, 1986, and (2) Order denying Motion to Alter or Amend and for Determination of Priority Claim entered February 11, 1987.

IT IS FURTHER ORDERED that Appellant's Motion for Relief from Automatic Stay and for Order Sequestering Rents, Directing Debtors to Turn Over Any Previously Collected Rents as well as Future Rents filed September 18, 1986, is granted.